UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW MOREL, an individual on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HTNB Corporation, a Delaware corporation, and DOES 1-50, inclusive,<br><br>Defendant. | No.: 22-cv-00408-AJB-AHG<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>**(Doc. No. 4)** |

Presently pending before the Court is Defendant HNTB Corporation's ("Defendant") motion to dismiss Plaintiff Matthew Morel's Complaint. (Doc. No. 4.) The motion is fully briefed, (Doc. Nos. 8, 9), and the matter is suitable for determination on the papers in accordance with Local Civil Rule 7.1.d.1. Upon consideration of the motions and the parties' arguments in support and opposition, Defendant's motion to dismiss is **GRANTED WITH LEAVE TO AMEND**.

I.   **BACKGROUND**

Plaintiff Matthew Morel brings this class action for alleged failure to reimburse work expenses under California's Labor Code section 2802(a), unfair business practices under California's Business and Professions Code section 17200 *et seq.*, and violation of the

Labor Code Private Attorneys General Act of 2004 ("PAGA"). (Compl., Doc. No. 1-2.) Morel alleges that between January 4, 2021, and July 20, 2021, Defendant employed Morel as Project Controls Manager for Defendant's company, which provides engineering services. (*Id.* ¶ 17.) During this time, Defendant allegedly "was Plaintiff's 'employer,' and [Morel] was its 'employee' as defined by California law." (*Id.* ¶ 7.)

In his first cause of action, Morel alleges Defendant violated California Labor Code section 2802(a) by failing to reimburse Morel and the putative class after requiring Morel and the putative class to use their personal cell phones, internet access, and data plans to perform their work duties. (*Id.* ¶¶ 38–40.) Additionally, Morel alleges Defendant failed to reimburse Morel and the putative class for expenses and loss related to home office space, mortgage payments, rent payments, property taxes, homeowner insurance premiums, and utility expenses. (*Id.* ¶ 41.) As a first derivative claim of Defendant's alleged section 2802(a) violation, Morel alleges a second cause of action stating Defendant violated California Business & Professions Code section 17200 et seq. by gaining "an unfair advantage over law-abiding employers and competitors" by failing to reimburse Morel and the putative class members. (*Id.* ¶¶ 53–58.) As a second derivative claim of Defendant's alleged section 2802(a) violation, Morel asserts a third cause of action under PAGA, which allows an aggrieved employee to recover civil penalties on behalf of himself or herself and other current or former employees. (*Id.* ¶ 63.)

Morel filed the complaint on February 23, 2022, in the Superior Court of California, County of San Diego, as Case No. 37-2022-00007029-CU-OE-CTL. (*See* Doc. No. 1-2.) Defendant timely removed the case to this Court pursuant to 28 U.S.C. §§ 1332(a), 1441(a), and 1446. (Doc. No. 4.) On June 9, 2022, Defendant filed the instant motion to dismiss Morel's Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (*Id.*) Morel filed a response in opposition, to which Defendant replied. (Doc. Nos. 8 & 9.)

## II.     LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings

and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court may dismiss a complaint as a matter of law for: "(1) lack of cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted). However, a complaint survives a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Notwithstanding this deference, the reviewing court need not accept legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is also improper for the court to assume "the [plaintiff] can prove facts that [he or she] has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. The court only reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002), *superseded by statute on other grounds*, ADA Amendments Act of 2008, Pub. L. No. 110–325, §§ 4(a), 8, 122 Stat. 3555.

### III.   DISCUSSION

#### A.   Claim One: Indemnification

Morel alleges Defendant failed to reimburse necessary work-related expenses for his and the putative class members' personal cell phone, internet, and data use. (Compl. ¶ 40.) Further, Morel alleges Defendant failed to reimburse necessary work-related expenses for his and the putative class members' expenditures and losses related to home office space, mortgage or rent, property taxes, homeowner insurance premiums, and utilities. (*Id.* ¶ 41.) Defendant asserts in its motion that Morel's claims are legal conclusions supported by

insufficient factual allegations and moves the Court to dismiss Morel's complaint on that ground. (Doc. No. 4 at 10–15.) The Court agrees with Defendant.

California law requires an employer to indemnify employees for "all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties." Cal. Lab. Code § 2802(a). California courts have established that the elements of an employee's claim for such indemnity require showing the following: "(1) the employee made expenditures or incurred losses; (2) the expenditures or losses were incurred in direct consequence of the employee's discharge of his or her duties, or obedience to the directions of the employer; and (3) the expenditures or losses were necessary." *Gallano v. Burlington Coat Factory of Cal., LLC*, 67 Cal. App. 5th 953, 960 (2021) (citing *Nicholas Lab'ys, LLC v. Chen*, 199 Cal. App. 4th 1240, 1249 (2011) (explaining that California has a strong public policy that favors indemnifying employees against employers for such expenses or losses)). Each element will be discussed in turn.

### 1.   Morel fails to allege sufficient facts showing he or the putative class members made expenditures or incurred losses

"[A]n indemnification claim may arise under section 2802 when [an] employee has made a monetary payment (*i.e.*, an expenditure) for a business-related expense *or* incurred a loss in some other way—such as by becoming 'liable or subject to' a charge or obligation on the employer's behalf." *Gallano*, 67 Cal. App. 5th at 962. In California, "[i]f an employee is required to make work-related calls on a personal cell phone, then he or she is incurring an expense for purposes of section 2802." *Cochran v. Schwan's Home Serv., Inc.*, 228 Cal. App. 4th 1137, 1144 (2014). Accordingly, Morel must plead facts that plausibly demonstrate he and the putative class members either (1) made payments toward an internet, phone, data, or utility bill or toward office space, mortgage or rent, property taxes, or home insurance premiums, or (2) that he and the putative class members have been charged a certain amount for such expenditures, for which payment is still pending.

For example, in *Gallano*, the defendant employed the plaintiff as a retail cashier and accused the plaintiff of fraud and shoplifting. 67 Cal. App. 5th at 956–57. The defendant

then allegedly "directed the plaintiff to sign a promissory note establishing a personal debt of $880." *Id.* at 957. The plaintiff then brought a 2802(a) Labor Code violation claim claiming that the defendant was passing on to employees "ordinary and predictable business loses" that occur during retail business. *Id.* at 961. Reasoning that because the plaintiff assumed a debt of $880 via the promissory note, the court there held that the plaintiff had established loss for purposes of a 2802(a) claim. *Id.* at 963. Here, however, Morel alleges only conclusively that "Defendant required Plaintiff and certain Class/Subclass Members incur expenses by using their personal cell phones" without mentioning the costs or charges he or the putative class members incurred in doing so. (Compl. ¶ 40.) Accordingly, Morel fails to allege facts demonstrating that he is plausibly entitled to relief.

Morel also alleges Defendant failed to reimburse necessary work-related expenses for his and the putative class members' expenditures and losses related to home office space, mortgage or rent, property taxes, homeowner insurance premiums, and utilities. (*Id.* ¶ 41.) Morel's allegations as to these expenses fail for similar reasons as stated above. For example, Morel baldly asserts only that "[t]he factual basis for Plaintiff's first cause of action is simple and straightforward, [sic] Defendants did not reimburse plaintiffs for the required use of their personal property for work related expenses." (Doc. No. 8 at 3.) Accordingly, Morel fails to allege sufficient facts showing he or the putative class members made expenditures or incurred losses.

> **2.   Morel fails to allege sufficient facts showing his or the putative class members' expenditures or losses were in direct consequence of the discharge of his or her duties, or obedience to the employer's directions**

Section 2802 requires employers to indemnify employees for necessary expenditures of losses made in direct consequence of the employee's duties, or obedience to the employer's directions. Cal. Lab. Code § 2802(a). Relevant here, the California Second District Court of Appeal held that an employer must always reimburse an employee for the

mandatory use of the employee's personal cell phone use for work related calls. *Cochran*, 228 Cal. App. 4th at 1140; *see also Herrera v. Zumiez, Inc.*, 953 F.3d 1063, 1078 (9th Cir. 2020) (explaining a mere allegation the employer required an employee to use her personal cell phone to make work-related calls, without demonstrating what costs were incurred in doing so, was insufficient for an indemnification claim). Alternatively, Morel provides no legal authority to support his claim for indemnification for losses related to home office space, mortgage or rent, property taxes, homeowner insurance premiums, and utilities.

This Court's reasoning in *Brecher v. Citigroup Global Markets, Inc.*, is instructive. There, the plaintiff alleged the defendant had a policy whereby the plaintiff was "expected" to supplement the plaintiff's sales assistant's wages. *Brecher v. Citigroup Glob. Markets, Inc.*, No. 3:09-CV-1344 AJB (MDD), 2011 WL 3475299, at *1 (S.D. Cal. Aug. 8, 2011). The plaintiff alleged the defendant violated section 2802 by failing to reimburse those supplementary payments. *Id.* at *8. Reasoning that the plaintiff failed to "elaborate what the policy was" or "what 'expected' means," the Court held the plaintiff's complaint "was insufficient to survive a motion to dismiss." *Id.* Morel's complaint is sufficiently analogous to the deficient complaint found in *Brecher*. For example, Morel only conclusively alleges that Defendant required him and the putative class members to incur expenses by using personal cell phones, data plans, and internet access to perform work related duties. (Compl. ¶ 38.) Morel fails to include any factual allegations as to how Defendant required Morel and the putative class to use their personal cell phones, data plans, and internet access to incur expenses, or incur expenses related to home office space, mortgage or rent, property taxes, homeowner insurance premiums, and utilities. Essentially, like the plaintiff in *Brecher* failed to explain how his expenses were "expected," Morel fails to explain how his expenses relative to personal cell phone and internet use were "required."

### 3. Morel fails to allege sufficient facts showing that any alleged expenditures or losses were necessary

A "necessary" expense is one "incurred by the employee in direct consequence of the discharge of his or her duties." Cal. Lab. Code § 2802(a). Moreover, "[a]scertaining

whether an expense is 'necessary' 'depends on the reasonableness of the employee's choices.'" *Herrera v. Zumiez*, 953 F.3d 1063, 1077 (9th Cir. 2020) (quoting *Gattuso v. Harte-Hanks Shoppers, Inc.*, 42 Cal. 4th 554, 567 (2007). Additionally, the California Second District Court of Appeal held that "when employees must use their personal cell phones for work-related calls, Labor Code section 2802 requires the employer to reimburse them." *Cochran*, 228 Cal. App. 4th at 1140.

Here, Morel alleges Defendant required him and the putative class members to incur expenses by using their personal cell phones, data plans, and internet access to carry out their assigned work-related duties such as giving subordinates instructions, communicating with colleagues for work, and accessing work emails. (Compl. ¶ 38.) Similarly, Morel alleges Defendant required him and the putative class members to incur expenses related to home office space, mortgage or rent, property taxes, homeowner's insurance, and utilities. (*Id.* ¶ 41.) However, Morel makes no mention of how Defendant required him and the putative class members to incur expenses by using their personal cell phones, data plans, and internet access to carry out their assigned work-related duties, or to incur expenses related to home office space, mortgage or rent, property taxes, homeowner's insurance, and utilities.

Moreover, Morel makes no allegations that his and the putative class members' choices were reasonable under the circumstances. *See Herrera*, 953 F.3d at 1078 ("[W]hether Herrera alleged sufficient facts to state a claim for reimbursement of phone expenses turns on whether it was necessary that the employees make calls and do so with phones that were not provided by the company."). Just like the plaintiff in *Herrera*, Morel fails to allege how using his personal phone, data, and internet was necessary beyond conclusively alleging that Defendant required him to do so. Specifically, Morel fails to allege if or how he and the putative class members were required to use phones, data plans, or internet access that were not provided by the company, or how Defendant required him or the putative class members to incur expenses related to home office space, mortgage or rent, property taxes, homeowner's insurance, and utilities. For example, if Morel could

have used company provided phones, data plans, or internet access, then Morel's choice to use a personal phone, data plan, or internet access may have been unreasonable. *See id.*

Furthermore, Morel has not alleged any facts detailing any of the actual expenses he or the putative class incurred, nor any attempt by Defendant to reimburse those costs. *See Ellsworth v. Schneider Nat'l Carriers, Inc.*, No. 2:20-cv-01699-SB (SPx), 2020 WL 8773059, at *9 (C.D. Cal. Dec. 11, 2020) (dismissing plaintiffs' § 2802 claim because the "SAC fails to state if [the plaintiffs] ever purchased . . . the shoes . . . or if the [plaintiffs] asked for reimbursement but were denied"). Thus, the Court finds Morel has not sufficiently pleaded claims demonstrating he is entitled to indemnification from Defendant. Therefore, the Court **GRANTS** Defendant's motion to dismiss Morel's first claim **WITH LEAVE TO AMEND**.

### B.   Claim Two: Unfair and Unlawful Business Practices

#### 1.   Merits

Plaintiff's second cause of action alleges Defendant performed unfair and unlawful discrimination in violation of California's Unfair Competition Law ("UCL"). (Compl. ¶¶ 47–61.) Under California law, businesses are barred from implementing any unlawful, unfair, or fraudulent business act or practice. Cal. Bus. & Prof. Code § 17200. Here, Morel alleges Defendant's policies and practices of requiring employees to incur the previously specified expenses without proper reimbursement amount to unlawful business acts. (*Id.* ¶ 53.) Defendant counters that because Morel's claim for unfair competition and unlawful business practices is based solely on his underlying claim for failure to reimburse work expenses, which the Court has dismissed, his derivative unfair competition and unlawful business practices claim should also fail. (Doc. No. 4 at 15.)

A plaintiff's UCL claims will fail when the UCL claims are derived from other failed claims. *See Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1011 (N.D. Cal. 2016). Morel's claim regarding failure to indemnify has not survived the instant motion to dismiss and as such, this claim fails.

///

### 2. Unfair Competition Law Standing

Defendant additionally contends Morel does not have Article III standing to seek injunctive relief as Defendant's former employee. Defendant argues Morel's alleged injury would not be redressed by issuing injunctive relief, and a positive determination that a favorable decision would likely redress the alleged injury is a threshold requirement to establish Article III standing. *See generally Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotations and citations omitted). However, for purposes of California Unfair Competition Law claims, different standing requirements apply. In November 2004, California voters approved Proposition 64, which changed standing requirements for UCL claims. *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 318 (2011). Namely, this Court stated the following for a plaintiff to have standing under California UCL claims:

> [A] plaintiff must (1) "establish a loss or deprivation of money or property sufficient to qualify as injury in fact, *i.e.*, economic injury, and (2) show that the economic injury was the result of, *i.e.*, caused by, the unfair business practice or false advertising that is the gravamen of the claim."

*Brecher*, 2011 WL 3475299, at *7 (citing *Kwikset Corp.*, 246 P.3d at 885). Each element will be discussed in turn.

#### i. Injury-in-fact

The Supreme Court of California established that for purposes of a UCL claim the alleged injury must be economic. *Kwikset*, 51 Cal. 4th at 323 ("The plain import of [Proposition 64] is that the plaintiff must now demonstrate some form of economic injury."). Relevant here, the court in *Kwikset* described that while a plaintiff may establish economic injury in "innumerable ways," one option is by demonstrating he or she was "required to enter into a transaction, costing money or property, that would otherwise have been unnecessary." *Id.*

For example, the court in *Kwikset* found economic injury where the plaintiff purchased a lockset from the defendant that plaintiff otherwise would not have purchased had the defendant not misrepresented the country in which the lockset was manufactured.

*Id.* at 327. The court in *Brecher* similarly found economic injury where the plaintiff lost unvested stock shares that were to vest over a 7-year period when the plaintiff was involuntarily terminated from his position within the defendant's company. *Brecher*, 2011 WL 3475299, at *7. Here, however, Morel has not pleaded any facts showing what the economic injury is that he alleges he sustained. Beyond conclusory allegations that he and the putative class were required to incur expenses by using personal phones, data plans, and internet access to carry out work related duties, in addition to expenses related to home office space, mortgage or rent, property taxes, homeowner's insurance, and utilities, Morel alleges no facts as to what those expenses looked like or how they were incurred. Accordingly, the Court finds the injury-in-fact element unsatisfied.

### ii.      Caused by the Unfair Business Practice

The second element of standing for purposes of California UCL claims requires that the injury allegedly suffered "was the result of, *i.e.*, caused by, the unfair business practice." *Id.* at *7.

For example, the court in *Kwikset* found sufficient causal connection between the economic injury and the defendant's conduct where the plaintiff would not have purchased the defendant's lockset had the defendant not misrepresented the country in which the lockset was manufactured. 51 Cal. 4th at 329. Similarly, the court in *Brecher* found sufficient causal connection between the economic injury and the defendant's conduct where the plaintiff's involuntary termination prevented his stock shares from vesting. 2011 WL 3475299, at *7. Unlike those two cases, Morel has not sufficiently pleaded any facts indicating a causal connection between his and the putative class's economic injury and Defendant's conduct. For instance, Morel has not alleged any facts demonstrating how Defendant required him or the putative class members to incur expenses by using personal cell phones, data plans, and internet access, or how Defendant required him or the putative class members to incur expenses related to home office space, mortgage or rent, property taxes, homeowner's insurance, and utilities. Accordingly, the Court finds this element unsatisfied.

In conclusion, Morel has not satisfied either element to satisfy standing requirements for purposes of his UCL claim. Thus, Defendant's motion to dismiss Morel's second claim is **GRANTED WITH LEAVE TO AMEND**.

### C. Claim Three: PAGA Violation

Morel and the putative class additionally seek to recover civil penalties under PAGA. (Compl. ¶¶ 63–68.) "Under PAGA, an 'aggrieved employee' may bring a civil action personally and on behalf of current or former employees to recover civil penalties for violation of the California Labor Code." *Zackaria v. Wal-Mart Stores, Inc.*, 142 F. Supp. 3d 949, 953 (C.D. Cal. 2015) (citing *Arias v. Sup. Ct.*, 46 Cal. 4th 969, 980 (2009)). Defendant again contends that since Morel's PAGA claim is derivative of the first failed California Labor Code violation claim, Morel's PAGA claim should also fail. (Doc. No. 4 at 15.)

The Court in *Varsam* held that where a plaintiff has sufficiently pleaded her other causes of action, she also sufficiently pleads her claims under PAGA. *Varsam v. Lab'y Corp. of Am.*, 120 F. Supp. 3d 1173, 1179–80 (S.D. Cal. 2015); *cf. Tan*, 171 F. Supp. 3d at 1011 ("Because these claims are derivative of Plaintiffs' first five causes of action, some of which fail to state a claim, so too do the PAGA claims fail to the extent they are premised on insufficient predicate Labor Code violations."). Because Morel has insufficiently pleaded his first cause action, he has also insufficiently pleaded his derivative claim under PAGA. Thus, Defendant's motion to dismiss Morel's third claim is **GRANTED** to the extent the motion is premised on Plaintiff's dismissed Labor Code violation claim **WITH LEAVE TO AMEND**.

///
///
///

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss **WITH LEAVE TO AMEND**. Should Morel choose to do so, where leave is granted, it must file an amended complaint curing the deficiencies noted herein by **December 5, 2022**.

**IT IS SO ORDERED.**

Dated:  November 21, 2022

Hon. Anthony J. Battaglia
United States District Judge