Carolyn H. Cottrell (SBN 166977)
Esther L. Bylsma (SBN 264208)
Sandra Acosta Tello (SBN 315616)
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
300 S. Grand Ave., Suite 2700
Los Angeles, California 90071
Tel: (415) 421-7100
Fax: (415) 421-7105
ccottrell@schneiderwallace.com
ebylsma@schneiderwallace.com
sacostatello@schneiderwallace.com

Jacob N. Whitehead, SBN 266123
**W EMPLOYMENT LAW GROUP, APC**
7700 Irvine Center Drive, Suite 930
Irvine, California 92618
Tel. (949) 674-4922
reception@jnwpc.com

Attorneys for Plaintiff

UNITED STATES DISTRIC COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW MOREL, an individual on his own behalf and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>HNTB Corporation, a Delaware corporation, Does 1-10, inclusive,<br><br>Defendant. | CASE NO.: 3:22-cv-00408- AJB-AHG<br><br>**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION FOR:**<br><br>1) **FAILURE TO REIMBURSE WORK EXPENSES (LABOR CODE § 2802);**<br><br>2) **UNFAIR BUSINESS PRACTICES (IN VIOLATION OF BUS. & PROF. CODE § 17200); and**<br><br>3) **VIOLATION OF THE PRIVATE ATTORNEY GENERALS ACT OF 2004, LABOR CODE §2698 et seq.**<br><br>**JURY TRIAL DEMANDED**<br><br>Complaint Filed: February 23, 2022 |

PLAINTIFF MATTHEW MOREL'S FIRST AMENDED COMPLAINT
*Matthew Morel v. HNTB Corporation*

Plaintiff Matthew Morel ("Plaintiff"), by counsel, alleges as follows:

## INTRODUCTION

1. This is a class and California Labor Code Private Attorneys General Act ("PAGA") action against Defendant HNTB Corporation ("HNTB" or Defendant"), arising out of Defendant's failure to indemnify its employees their necessary business reimbursements.

2. HNTB is an infrastructure engineering and design firm for sporting, transportation or educational facilities or industries. HNTB operates across the United States, including in eight locations in California.

3. Plaintiff is a former employee of HNTB who worked as a Project Controls Manager for Defendant from approximately January 4, 2021 to July 20, 2021.

4. The "Class" is defined as: all current and former employees of Defendant who were based in any of Defendant's offices in California and worked remotely at any time during the period from March 1, 2020 to the resolution of this action ("Class Period").

5. "Aggrieved Employees" are defined as: all current and former employees of Defendant who were based in any of Defendant's offices in California and worked remotely at any time during the period from December 20, 2020 to the resolution of this action ("PAGA Period").

## THE PARTIES

6. Plaintiff is currently a resident of California, and was a resident of California at the time he was employed by Defendant. Plaintiff lived/lives in Oceanside, California.

7. HNTB is Delaware corporation, duly registered to conduct business and employ persons in California. HNTB's principal office in California is located at 601 W. 5th Street, Suite 1000, Los Angeles, CA 90071. HNTB employed Plaintiff and Class members as employees in California.

8. Plaintiff is unaware of the true names or capacities of defendants sued

herein under the fictitious names DOES 1–10, inclusive, but prays for leave to amend and serve such fictitiously-named defendants pursuant to California Code of Civil Procedure § 474 once their names and capacities become known. Plaintiff is informed and believes, and thereon alleges, that DOES 1–10, inclusive, are the partners, agents, owners, shareholders, managers, principals or employees of HNTB and/or and were acting on behalf of HNTB.

9.  Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein was performed by or is attributable to Defendant, each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all Defendant was in accordance with, and represent the policy of, Defendant. At all times herein mentioned, Defendant, ratified each and every act or omission complained of herein. At all times herein mentioned, Defendant, aided and abetted the acts and omissions of each and all of the other Defendant in proximately causing the damages herein alleged. Plaintiff is informed and believes, and thereon alleges, that Defendant is in some manner intentionally, negligently or otherwise responsible for the acts, omissions, occurrences and transactions alleged herein.

## JURISDICTION AND VENUE

10.  On February 23, 2022, Plaintiff filed his initial complaint in the San Diego County Superior Court ("State Court"), styled *Morel v. HTNB Corporation*, San Diego Superior Court Case No. 37-2022-00007029-CU-OE-CTL ("State Action").

11.  On March 28, 2022, HTNB removed the State Action to this Court. *See* Doc No. 1. HNTB asserted: "Removal to this Court is proper under 28 U.S.C. sections 1332(a), 1441(b) and 1446 because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs." Doc No. 1, at p. 3.

## FACTUAL ALLEGATIONS

12.  HNTB is a national, infrastructure engineering and design firm for sporting, transportation or educational facilities or industries.

- 2 -
PLAINTIFF MATTHEW MOREL'S FIRST AMENDED COMPLAINT
*Matthew Morel v. HNTB Corporation*

13. According to its website, HNTB has offices in the following eight locations in California: Ontario, Los Angeles, Los Angeles Airport, Oakland, San Diego, San Francisco, San Jose, and Santa Ana.[1]

14. Class members as employees of HNTB hold/held the following positions, *inter alia*: engineers, environmental planners, design technicians, architects, interns, finance analysts, digital specialists, marketing managers, project managers, site supervisors, construction managers, directors, and delivery officers.[2]

15. Upon information and belief, at the start of the Class Period, around March 1, 2020, in response to local and/or state-wide work from home orders in effect in California,[3] HNTB required all Class members to work off premises and remotely.

16. On or about December 2020, Plaintiff was informed by HNTB that his position would be fully remote due to the COVID-19 pandemic.

17. On or about January 4, 2021, Plaintiff began working remotely for HNTB, while formally based in Ontario office.

18. California Labor Code §2802 provides: "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

19. HNTB failed to comply with Labor Code §2802.

20. **Plaintiff and Class members made expenditures and incurred losses**. During the Class period, Plaintiff and Class members paid their cell phone charges and

---

[1] https://www.hntb.com/locations/

[2] *See e.g.*, https://hntb.jobs/california/usa/jobs/#1

[3] On March 15, 2020, California Governor Gavin Newsom issued a stay-at-home order due to COVID-19, Execute Order N-27-20, which can be found here: https://gov.ca.gov/wp-content/uploads/2020/03/3.15.2020-COVID-19-Facilities.pdf

home internet charges out-of-pocket. HTNB did not have a policy to reimburse its employees for their out-of-pocket cell phone charges and home internet charges; and HTNB in fact did not reimburse Class members for their out-of-pocket cell phone charges and home internet charges.

21. Plaintiff incurred and paid cell phone expenses of approximately $120 per month for cell phone service from his cell phone carrier. Plaintiff incurred and paid home internet $100 a month for internet and data use. HNTB did not reimburse Plaintiff for his out-of-pocket, cell phone payments and home internet payments during Plaintiff's employment. These charges were reasonable as the cell phone/ internet plans were at a level necessary and sufficient to address the amount of data that was being exchanged by Plaintiff and other employees during the workday in connection with Plaintiff's work duties.

22. Upon information and belief, Class members incurred and paid similar cell phone expenses and home internet expenses per month, and HNTB did not reimburse Class members for these out-of-pocket cell phone payments and home internet payments during the Class period.

23. **Plaintiff's and Class members' expenditures and losses were in direct consequence of the discharge of his or her duties, or obedience to the employer's directions**. As noted above, during the Class period, HNTB required all Class members to work off premises and remotely.

24. At the same time, as a material part of their job duties, HNTB required Plaintiff and Class members to communicate frequently with their managers, subordinates, and other fellow employees. HNTB required Plaintiff and Class members as part of their job duties to, *inter alia*:

    a) promptly communicate instructions to subordinates over the phone, text or email;

    b) promptly provide updates to managers over the phone, text or email;

    c) be available for and maintain a flow of work-related communications

with other employees during the workday over the phone, text or email;

d) read and respond to work texts and emails as they were contemporaneously received;

e) attend and participate in team meetings on at least a weekly basis over Zoom, Teams or Webex; and

f) review and share large files such as engineering drawings and contracts over emails or other file-sharing applications.

25. **Plaintiff's and Class members' expenditures and losses were necessary**. HNTB did not provide Plaintiff and Class members any cell phones or any other kind of company-provided phone to use for work-related phone calls. Rather, HNTB required Plaintiff and Class members to use their own cell phones, and even more, HNTB explicitly listed Plaintiff's and Class members' personal cell phone numbers in the company signature block for any emails sent from the HNTB work email.

26. Likewise, while HNTB provided Plaintiff and Class members laptops that could access work-related files and applications, HNTB did not provide portable WiFi hotspots/routers or any other devices that could provide internet access to these laptops.

27. Thus, Plaintiff and Class members were required to and did utilize their personal cell phones and home internet plans in the essential discharge of their duties, and Plaintiff and Class members needed to maintain and pay for personal cell phones and home internet plans in order to perform work for HNTB.

28. HNTB is/was aware or should have been aware that Plaintiff and the Class regularly incur or incurred cell phone and internet expenses in the discharge of their duties as employees by virtue of HNTB's instructions to Plaintiff and the Class. HNTB nevertheless has, throughout the Class Period, failed and refused to affirmatively reimburse Plaintiff and the Class for cell phone and internet expenses incurred by them in connection with their work for HNTB.

//

## CLASS ACTION ALLEGATIONS

29. Plaintiff brings this action on behalf of himself and all others similarly situated as a class action pursuant to Code of Civil Procedure § 382. Plaintiff seeks to represent a Class compose of all current and former employees of Defendant who were based in any of Defendant's offices in California and worked remotely at any time during the period from March 1, 2020 to the resolution of this action.

30. Throughout discovery in this litigation, Plaintiff may find it appropriate and/or necessary to amend the definition of Class and/or define subclasses. In any event, Plaintiff will formally define and designate a class definition at such time when Plaintiff seeks to certify the Class or subclasses.

## COMMON CLASS ACTION ALLEGATIONS

31. **Numerosity**: The potential quantity of members of the Class as defined are so numerous that joinder of all members would be unfeasible and impractical. Plaintiff is informed and believe that the total number of Class members exceeds 100. The quantity and identity of such membership is readily ascertainable via inspection of Defendant's records.

32. **Superiority**: The nature of this action and the nature of the laws available to Plaintiff makes the use of the class action format particularly efficient and the appropriate procedure to afford relief to Plaintiff and the members of the Class for the wrongs alleged herein, for the following reasons:

   a) The State of California, for which there is a named representative, has a public policy which encourages the use of the class action device.

   b) By establishing a technique whereby, the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation.

   c) This case involves large corporate Defendant and a large number of

individual class members with many relatively small claims and common issues of law and fact.

d) If each individual member of the Class was required to file an individual lawsuit, the large corporate Defendant would necessarily gain an unconscionable advantage because Defendant would be able to exploit and overwhelm the limited resources of each individual member of the Class with Defendant's vastly superior financial and legal resources.

e) Requiring each individual member of the Class to pursue an individual remedy would also discourage the assertion of lawful claims by the members of the Class who would be disinclined to pursue action against Defendant because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being.

f) Proof of a common policy and practice or factual pattern, of which the members of the Class experienced, is representative of the Class herein and will establish the right of each of the members of the Class to recover on the causes of action alleged herein.

g) Absent class treatment, the prosecution of separate actions by the individual members of the Class, even if possible, would likely create:
   i. a substantial risk of each individual plaintiff presenting in separate, duplicative proceedings the same or essentially similar arguments and evidence, including expert testimony;
   ii. a multiplicity of trials conducted at enormous expense to both the judicial system and the litigants;
   iii. inconsistent or varying verdicts or adjudications with respect to the individual members of the Class against Defendant;
   iv. potentially incompatible standards of conduct for Defendant; and
   v. potentially incompatible legal determinations with respect to individual members of the Class which would, as a practical matter, be

dispositive of the interests of the other members of the Class who are not parties to the adjudications or which would substantially impair or impede the ability of the members of the Class to protect their interests.

h) The claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution, considering all of the concomitant costs and expenses attendant thereto.

i) Courts seeking to preserve efficiency and other benefits of class actions routinely fashion methods to manage any individual questions.

j) Judicial precedent urges trial courts, which have an obligation to consider the use of innovative procedural tools to certify a manageable class, to be procedurally innovative in managing class actions.

33. **Well-defined Community of Interest**: Plaintiff also meets the established standards for class certification as follows:

a) **Typicality**: The claims of Plaintiff is typical of the claims of all members of the Class he seeks to represent because all members of the Class sustained injuries and damages arising out of Defendant's common course of conduct in violation of California law, and the injuries and damages of all members of the Class were caused by Defendant's wrongful conduct in violation of California law, as alleged herein.

b) **Adequacy**: Plaintiff is an adequate representative of the Class he seeks to represent, will fairly protect the interests of the members of the Class, has no interests antagonistic to the members of the Class, and will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.

c) **Predominant Common Questions of Law or Fact**: There are common questions of law and/or fact as to the members of the Class which predominate over questions affecting only individual members of the Class, including, without limitation:

      i. Whether Defendant failed to reimburse Plaintiff and members of the Class for all expenses incurred in discharge of their duties in violation of Labor Code § 2802;

      ii. Whether the members of the Class are entitled to compensatory damages, and if so, the means of measuring such damages;

      iii. Whether the members of the Class are entitled to injunctive relief;

      iv. Whether the members of the Class are entitled to restitution; and

      v. Whether Defendant is liable for attorneys' fees and costs to the extent permitted by California law.

d) **Manageability of Class and Common Proof**: The nature of this action and the nature of laws available to Plaintiff to make use of the class action format and procedure a particularly efficient and appropriate procedure to afford relief to Plaintiff and members of the Class for the wrongs alleged herein. Specifically, liability will turn on Defendant's own uniform, systematic practices of failing to reimburse Class members during the Class Period. Therefore, the alleged violations are predominant questions of fact that are easily capable of being determined through manageable devices of common proof, such as documentary evidence. Once the predominant issues of Defendant's business reimbursement policies and practices are determined, then the damages suffered by each member of the Class will be capable of being shown by several means of common proof, and limited by individual showings of entitlement to recovery that can be professionally administered and tailored to the facts and circumstances of the case.

34. Class certification of the First through the Second causes of action is appropriate under *Cal. Code Civ. Proc.* § 382 because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class of this litigation. Defendant's policies and practices unlawfully treated members of the Class in a uniform fashion. The damages suffered by individual

members of the Class are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

35. Class certification of the First through Second causes of action is also appropriate pursuant to *Cal. Code Civ. Proc.* § 382 because Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory relief with respect to and the Class as a whole.

36. Plaintiff intends to send notice to all members of the Class to the extent required by law and each will be given an opportunity to opt out of the proceedings.

**FIRST CAUSE OF ACTION**
**FAILURE TO REIMBURSE WORK EXPENSES**
**In Violation of Labor Code § 2802**
**(Against Defendant and Does 1 – 10, inclusive)**

37. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

38. *Labor Code* § 2802(a) requires employers to reimburse employees for all expenses they incur in direct consequence of the discharge of their duties or obedience to their employer' instructions.

39. As alleged, during the Class Period, Defendant required Plaintiff and Class members to use their personal cell phones and personal/home internet plans to perform their job duties.

40. Defendant required Plaintiff and Class members to work off-premises and remotely.

41. At the same time, while working remotely, Defendant required Plaintiff and Class members to promptly give subordinates work instructions, to send information regarding work meetings, to manage project status, to coordinate responsibilities between staff members, to maintain work-related communications between supervisors, coworkers, and subordinates, among many other things, over the

- 10 -
PLAINTIFF MATTHEW MOREL'S FIRST AMENDED COMPLAINT
*Matthew Morel v. HNTB Corporation*

phone, text, email or other communication device.

42. At the same time, Defendant failed to provide company-phones or internet access (such as a portable WiFi hotspot) to Plaintiff and Class members.

43. Thus, Plaintiff and Class members were required to and did routinely use their personal cell phones and personal/home internet plan in order to complete their assigned duties.

44. Plaintiff and Class members paid for their cell phones and personal/home internet plan out of pocket.

45. Despite Defendant's requirement that Plaintiff and Class members incur expenses by using their personal cell phones and personal/home internet access, Defendant failed to reimburse Plaintiff and the Class for their actual out-of-pocket expenses, in violation of Labor Code § 2802(a).

46. California Labor Code section 2802(c) provides: "For purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

47. Defendant owes a duty to Plaintiff and members of the Class to indemnify them for all necessary expenditures, losses, and damages suffered and incurred in direct consequence of the discharge of their duties, or of their obedience to the directions of Defendant.

48. As a result of Defendant's failure to indemnify and reimburse Plaintiff and the Class for the expenses they necessarily incurred in the performance and discharge of their work-related duties, Plaintiff and the Class have sustained economic damages in amount to be proven at trial.

49. As a result of Defendant's violation of *Labor Code* § 2802, Plaintiff seeks reimbursement for all business-related expenses they have incurred working for Defendant, in amounts to be determined at trial, with interest thereon as well as attorney's fees and costs of suit pursuant to *Labor Code* § 2802(c).

PLAINTIFF MATTHEW MOREL'S FIRST AMENDED COMPLAINT
*Matthew Morel v. HNTB Corporation*

# SECOND CAUSE OF ACTION
# UNFAIR BUSINESS PRACTICES
### In Violation of Bus. & Prof. Code § 17200 et seq.
### (Against Defendant and Does 1 – 10, inclusive)

50. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

51. California Business and Professions Code § 17200, *et seq*. prohibits unfair competition in the form of any unlawful, unfair or fraudulent business act or practice.

52. California Business and Professions Code § 17202 provides: "Notwithstanding § 3369 of the Civil Code, specific or preventative relief may be granted to enforce a penalty, forfeiture, or penal law in case of unfair competition."

53. California Business and Professions Code § 17203 provides in relevant part that the court may "restore to any person in interest any money or property, real or person, which may have been acquired by means of such unfair competition."

54. California Business and Professions Code § 17203 also provides that any person who meets the standing requirements of § 17204 and complies with *California Code of Civil Procedure* § 382 may pursue representative claims for relief on behalf of others.

55. California Business and Professions Code § 17204 allows any "person who has suffered injury in fact and has lost money or property as a result of such unfair competition" to prosecute a civil action for violation of the Unfair Business Practices Act.

56. Beginning approximately at the start of the Class Period, Defendant has committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent practices and acts described in the Complaint, including, but not limited to violations of Labor Codes § 2802.

57. The violations of these laws and regulations, as well as of fundamental California public policies protecting workers, serve as unlawful predicate acts and practices for purposes of Business and Professions Code § 17200 et seq.

58. The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code § 17200, et seq. Among other things, Defendant's acts and practices have permitted Defendant to **pass on its operating expenses** on to their employees.

59. The acts and practices described above have allowed Defendant to gain an unfair competitive advantage over law-abiding employers and competitors.

60. As a result of the acts and practices described herein, Plaintiff and the Class have been denied compensation in an amount to be proven at trial.

61. As a result of the aforementioned acts and practices, Defendant has received and continues to receive ill-gotten gains belonging to Plaintiff and the Class.

62. In light of named Defendant's unfair business practices in violation of the law, Plaintiff and the Class, pursuant to Business and Professions Code § 17203, seek from this Court disgorgement of all profits and monies obtained by Defendant on the benefits withheld, restitution for all monetary benefits payable to Plaintiff and the Class but unreasonably and unfairly withheld, as well as a permanent injunction, enjoining such Defendants from the conduct alleged herein.

63. Plaintiff's success in this action will enforce important rights affecting the public interest.

64. An award of attorneys' fees is appropriate pursuant to California Civil Code § 1021.5 because 1) this action will confer a significant benefit upon a large class of persons; and 2) there is a financial burden involved in pursuing this action; and 3) it would be against the interest of justice to force Plaintiff to pay attorneys' fees from any amount recovered in this action.

//
//
//
//

PLAINTIFF MATTHEW MOREL'S FIRST AMENDED COMPLAINT
*Matthew Morel v. HNTB Corporation*

# THIRD CAUSE OF ACTION
## VIOLATION OF THE PRIVATE ATTORNEY GENERALS ACT OF 2004
### Labor Code §2698 et seq.
### (Against Defendant and Does 1-10, Inclusive)

65. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein. Based on the above allegations incorporated by reference, Defendant has violated Labor Code § 2802.

66. Under Labor Code §§ 2699(f) and 2699.5, for each such violation, Plaintiff and all other Aggrieved Employees are entitled to penalties in an amount to be shown at the time of trial subject to the following formula:

   a) $100 for the initial violation per employee per pay period; and

   b) $200 for each subsequent violation per employee per pay period.

67. These penalties shall be allocated seventy-five percent (75%) to the LWDA and twenty-five percent (25%) to the Aggrieved Employees.

68. Pursuant to Labor Code § 2699.3(a), on or about August 2, 2021, Plaintiff provided written notice by certified mail to the Labor and Workforce Development Agency (the "LWDA"), and Defendant of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories that support the alleged violations.

69. Accordingly, Plaintiff has satisfied all administrative prerequisites to the filing and pursuit of his PAGA claims on behalf of the State of California.

70. As a result of the acts alleged above, Plaintiff seeks penalties under Labor Code § 2699, et seq. because of Defendant's violation of Labor Code § 2802.

//
//
//
//
//
//
//
//

# PRAYER FOR RELIEF

**PLAINTIFF ON BEHALF OF HIMSELF AND ALL MEMBERS OF THE CLASS, PRAY FOR RELIEF AS FOLLOWS:**

## ON THE FIRST AND SECOND CAUSES OF ACTION

1. For an order certifying the First and Second causes of action and maintaining said causes of action as a class action pursuant to Cal. Code Civ. Proc. § 382 on behalf of the members of the Class;

2. Designation of Plaintiff as the Class Representative for the Class and Plaintiff's attorneys as Class Counsel;

3. A declaratory judgment that the practices complained of herein are unlawful under California law;

4. Appropriate equitable relief to remedy Defendant's violations of California law including, but not necessarily limited to, an order enjoining Defendant from continuing its unlawful practices;

5. All appropriate California statutory penalties;

6. Reimbursement of the necessary expenses incurred by the Class in the discharge of their duties;

7. Restitution to Plaintiff and the Class due to Defendant's UCL violations;

8. Pre-judgment and post-judgment interest, as provided by law;

9. Such other equitable relief as the Court may deem just and proper;

10. Attorneys' fees and costs of suit pursuant to California Labor Code; and

## ON THE THIRD CAUSE OF ACTION

1. Upon the PAGA Cause of Action, for civil penalties pursuant to statute for Defendant' violations of Labor Code §2802;

2. Upon the PAGA Cause of Action, for attorneys' fees and costs pursuant to Labor Code §2699 and any other applicable statute; and

3. For such other and further relief the Court may deem just and proper.

Dated: December 5, 2022

SCHNEIDER WALLACE
COTTRELL KONECKY LLP

_____
Carolyn H. Cottrell
Esther L. Byslma
Sandra Acosta Tello

Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands trial of all issues by jury.

Dated: December 5, 2022

SCHNEIDER WALLACE
COTTRELL KONECKY LLP

_____
Carolyn H. Cottrell
Esther L. Bylsma
Sandra Acosta Tello

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document(s) with the Clerk of the Court for the United States District Court, Southern District of California, by using the Court's CM/ECF system on December 5, 2022.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the Court's CM/ECF system.

_____
Esther L. Bylsma