Carolyn H. Cottrell (SBN 166977)
Esther L. Bylsma (SBN 264208)
Sandra Acosta Tello (SBN 315616)
**SCHNEIDER WALLACE
COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
ebylsma@schneiderwallace.com
sacostatello@schneiderwallace.com

*Attorneys for Plaintiff, the Putative Class,
and the Aggrieved Employees*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW MOREL, an individual on his own behalf and on behalf of all others similarly situated;<br><br>    *Plaintiff,*<br><br>v.<br><br>HNTB Corporation, a Delaware corporation;  and DOES 1-10, inclusive;<br><br>    *Defendant.* | Case No. 3:22-cv-00408-AJB-AHG<br><br>*Assigned for all purposes to Honorable Anthony J. Battaglia*<br><br>**DECLARATION OF CAROLYN H. COTTRELL IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT**<br><br>Date: November 14, 2024<br>Time: 2:00 p.m.<br>Courtroom: 4A<br><br>Complaint Filed: February 23, 2022 |

# DECLARATION

I, Carolyn H. Cottrell, declare as follows.

1.    I am an attorney duly licensed to practice law in the State of California. I am a member in good standing of the State Bar of California, and am admitted to the United States District Courts for each District of California (Northern, Southern, Eastern, and Central). I am admitted to the Ninth Circuit Court of Appeals and am a member of the Bar of the United States Supreme Court.

2.    I submit this Declaration in support of the Motion for Preliminary Approval of Class Action and PAGA Settlement ("Motion") filed by my client Plaintiff Matthew Morel ("Plaintiff") in the above-captioned matter ("Action"). I am familiar with the file, the documents, and the history of the Action. I make the statements in this declaration based on my personal knowledge and review of the file. If called as a witness in this action, I could and would testify competently to these facts under oath.

3.    I am a partner at Schneider Wallace Cottrell Konecky LLP ("SWCK" or "Class Counsel"). SWCK specializes in class and representative action litigation in state and federal court. SWCK represents Plaintiff in this Action.

4.    A true and correct copy of the fully executed Joint Stipulation of Class Action and PAGA Representative Action Settlement Agreement and Release of Claims ("Settlement") is attached hereto as **Exhibit 1**. The proposed Notice of Pendency of Class Action and PAGA Representative Settlement ("Notice") is attached to the Settlement as **Exhibit A**.

## COUNSEL'S QUALIFICATIONS, EXPERIENCE, AND EXPERTISE

5.    SWCK is regarded as one of the leading private plaintiffs' firms in wage and hour class actions and employment class actions. In November 2012, the Recorder listed the firm as one of the "top 10 go-to plaintiffs' employment firms in Northern California." SWCK partners and attorneys have litigated major wage and hour class actions, have won several prestigious awards, and sit on important boards and

1    committees in the legal community. SWCK was founded by Todd Schneider in 1993,

2    and I have been a member of the firm since 1995.

3        6.    SWCK has acted or is acting as class counsel in numerous cases. A partial list

4    of cases which have been certified and/or settled as class actions includes: *Randall,*

5    *et al. v. Integrated Communication Service Inc., et al.* (Case No. 3:20-cv-05438-

6    DGE) (Western District of Washington, March 29, 2024) (final approval of three-

7    state class and FLSA collective action settlement); *Lopez v. Eurofins Scientific, Inc.,*

8    *et al.* (Case No. 3:21-cv-08652-LB) (Northern District of California, February 15,

9    2024) (final approval of California class and PAGA representative action settlement);

10   *Hamilton v. Wayfair, LLC* (Case No. RG19006990) (Alameda County Superior

11   Court, Jan. 22, 2024) (class certification of California classes); *Rodriguez, et al. v.*

12   *Tri-Wire Engineering Solutions, Inc., et al.* (Case No. 1:21-cv-10752-PBS) (District

13   of Massachusetts, December 5, 2023) (final approval of five-state class and FLSA

14   collective action settlement); *Beissel v. Western Flyer Express, LLC* (Case No. 5:21-

15   cv-00903-R) (Western District of Oklahoma, November 3, 2023) (final approval of

16   Oklahoma class and FLSA collective action settlement for deceptive trade practices,

17   unlawful sale of business opportunities, and wage and hour claims on behalf of

18   independent contractor truck drivers); *Sishi, et al. v. Eskaton Properties Inc., et al.*

19   (Case No. RG21100764) (Alameda County Superior Court, August 4, 2023) (final

20   approval of California class and PAGA representative action settlement); *Wright, et*

21   *al. v. Frontier Mgmt. LLC, et al.,* (Case No. 2:19-cv-01767-JAM-CKD) (Eastern

22   District of California, March 13, 2023) (final approval of California, Illinois, Oregon,

23   and Washington class and FLSA collective action settlement); *Campos v. Extra*

24   *Express (Cerritos) Inc.*, (Case No. BC715057) (Los Angeles Superior Court, Jan. 18,

25   2023) (final approval of California wage and hour class action settlement);

26   *Huddleston v. John Christner Trucking, LLC,* (Case No. 4:17-cv-00549-GKF-CDL)

27   (Northern District of Oklahoma, October 31, 2022) (final approval of California and

28   Oklahoma class and FLSA collective action settlement where Plaintiff obtained class

certification on behalf of misclassified truck drivers); *Tinaco v. Quik Stop Markets, Inc.* (Case No. RG20061119) (Alameda County Superior Court, June 23, 2022) (final approval of a class action settlement for failure to pay for all hours worked, failure to pay minimum and overtime wages, failure to provide meal and rest breaks, waiting time penalties, and failure to provide itemized wage statements, under California law); *Ramirez, et al. v. Rite Aid Corp., et al.*, (Case No. CV 20-3531-GW-SKx) (Central District of California, May 19, 2022) (final approval of California class action and PAGA representative action settlement); *Madrigal v. Mission Lakes Country Club, Inc.* (Case No. RIC2003428) (Riverside County Superior Court, May 18, 2022) (final approval of California class action and PAGA representative action settlement); *Hazel v. Himagine Sols., Inc.,* Case No. RG20068159 (Alameda Co. Superior Court 2021) (final approval of a California class action settlement for failure to pay for all hours worked, failure to pay minimum and overtime wages, failure to provide meal and rest breaks, failure to reimburse necessary business expenditures, waiting time penalties, and failure to provide itemized wage statements); *Pine Manor Invs., LLC v. FPI Mgmt., Inc.*, Case No. 34-2018-00237315 (Sacramento Co. Superior Court 2021) (final approval of a California class action settlement in action that alleged improper billing for workers compensation charges by an apartment complex management company); *Etcheverry v. Franciscan Health Sys.*, Case No. 3:19-cv-05261-RJB-MAT (W.D. Wash. 2021) (final approval of hybrid Fair Labor Standards Act and Washington class action); *Jean-Pierre v. J&L Cable TV Servs., Inc.*, Case No. 1:18-cv-11499-MLW) (D. Mass 2021) (final approval of hybrid Fair Labor Standards Act and Massachusetts, New Hampshire, Maine, and Pennsylvania class action); *Amaraut v. Sprint/United Mgmt. Co*., Case No. 19-cv-411-WQH-AHG (S.D. Cal. 2021) (final approval of hybrid Fair Labor Standards Act and California class action); *Diaz v. TAK Commc'ns CA, Inc*., Case No. RG20064706 (Alameda Co. Superior Court 2021) (final approval of hybrid Fair Labor Standards Act and California class action); *Villafan v. Broadspectrum Downstream Servs., Inc*., Case

No. 3:18-cv-06741-LB (N.D. Cal. 2021) (final approval of class and collective action settlement for failure to pay minimum wages and overtime rates, failure to provide meal and rest breaks, failure to reimburse business expenses, and failure to provide itemized wage statements); *Jones, et al. v. CertifiedSafety, Inc., et al.* (lead Case No. 3:17-cv-02229-EMC) (Northern District of California, June 1, 2020) (final approval of hybrid Fair Labor Standards Act and California, Washington, Illinois, Minnesota, Alaska, and Ohio class action settlement for failure to pay for all hours worked, failure to provide meal and rest breaks, unreimbursed business expenses, waiting time penalties, and failure to provide itemized wage statements);  *El Pollo Loco Wage and Hour Cases*, Case No. JCCP 4957 (Orange Co. Superior Court 2020) (final approval of a class action settlement for failure to pay for all hours worked, failure to provide meal and rest breaks, unreimbursed business expenses, waiting time penalties, and failure to provide itemized wage statements, under California law); *Soto v. O.C. Commc'ns, Inc.*, Case No. 3:17-cv-00251-VC (N.D. Cal. 2019) (final approval of a hybrid Fair Labor Standards Act and California and Washington law Rule 23 action with joint employer allegations); *Manni v. Eugene N. Gordon, Inc.*, Case No. 34-2017-00223592 (Sacramento Co. Superior Court) (final approval of a class action settlement for failure to pay for all hours worked, failure to pay minimum and overtime wages, failure to provide meal and rest breaks, waiting time penalties, and failure to provide itemized wage statements, under California law); *Van Liew v. North Star Emergency Servs., Inc*., Case No. RG17876878 (Alameda Co. Superior Court) (final approval of a class action settlement for failure to pay for all hours worked, failure to pay minimum and overtime wages, failure to provide meal and rest breaks, failure to reimburse for necessary business expenditures, waiting time penalties, and failure to provide itemized wage statements, under federal law); *Asalati v. Intel Corp*., Case No. 16cv302615 (Santa Clara Co. Superior Court) (final approval of a class and collective action settlement for failure to pay for all hours worked, failure to pay overtime, failure to provide meal and rest breaks, failure to reimburse for necessary

business expenditures, failure to adhere to California record keeping requirements, waiting time penalties, and failure to provide itemized wage statements, under federal and California law); *Harmon v. Diamond Wireless, LLC*, Case No. 34-2012-00118898 (Sacramento Co. Superior Court) (final approval of a class action settlement for failure to pay wages free and clear, failure to pay overtime and minimum wages, failure to provide meal and rest breaks, failure to pay full wages when due, failure to adhere to California record keeping requirements, and failure to provide adequate seating, under California law); *Aguilar v. Hall AG Enters., Inc*., Case No. BCV-16-10994-DRL (Kern Co. Superior Court) (final approval of a class action settlement for failure to provide meal and rest periods, failure to compensate for all hours worked, failure to pay minimum and overtime wages, waiting time penalties, failure to provide itemized wage statements, and failure to pay undiscounted wages, under California law); *Viceral and Krueger v. Mistras Grp., Inc*., Case No. 3:15-cv-02198-EMC (N.D. Cal.) (final approval of a class and collective action settlement for failure to compensate for all hours worked, including overtime, under federal and California law); *Jeter-Polk v. Casual Male Store, LLC*, Case No. 5:14-CV-00891 (C.D. Cal.) (final approval of a class action settlement for failure to provide meal and rest periods, failure to compensate for all hours worked, failure to pay overtime wages, unpaid wages and waiting time penalties, and failure to provide itemized wage statements); *Meza v. S.S. Skikos, Inc*., Case No. 15-cv-01889-TEH (N.D. Cal.) (final approval of class and collective action settlement for failure to compensate for all hours worked, including overtime, under federal and California law, failure to provide meal and rest breaks, failure to reimburse for necessary business uniforms, failure to pay full wages upon termination to, and failure to provide accurate itemized wage statements); *Holmes v. Xpress Global Sys., Inc*., Case No. 34-2015-00180822 (Sacramento Co. Superior Court) (final approval of a class action settlement for failure to provide meal and rest breaks and failure to provide accurate itemized wage statements); *Guilbaud v. Sprint Nextel Corp*., Case

No. 3:13-cv-04357-VC (N.D. Cal.) (final approval of a class and collective action settlement for failure to compensate for all hours worked, including overtime, failure to provide meal and rest breaks, failure to reimburse for necessary business uniforms, failure to pay full wages upon termination to, and failure to provide accurate itemized wage statements); *Molina v. Railworks Track Systems, Inc*., Case No. BCV-15-10135 (Kern Co. Superior Court) (final approval of a class action settlement for failure to provide meal and rest breaks, unpaid wages, unpaid overtime, off-the-clocker work, failure to pay full wages upon termination to, and failure to provide accurate itemized wage statements); *Allen v. County of Monterey*, Case No. 5:13-cv-01659 (N.D. Cal.) (settlement between FLSA Plaintiffs and Defendant to provide relief to affected employees); *Barrera v. Radix Cable Holdings, Inc., et al.*, (Case No. CIV 1100505) (Marin County Superior Court) (final approval of class action settlement for failure to provide meal and rest breaks to, off-the-clock work by, failure to provide overtime compensation to, failure to reimburse business expenditures to, failure to pay full wages upon termination to, and failure to provide accurate itemized wage statements to retention specialists working for cable companies); *Glass Dimensions, Inc., et al. v. State Street Corp. et al.*, (Case No. 1:10-cv-10588) (District of Massachusetts) (final approval of class action settlement for claims of breach of fiduciary duty and self-dealing in violation of ERISA); *Friend, et al. v. The Hertz Corp.*, (Case No. 3:07-052222) (Northern District of California) (settlement of claims that rental car company misclassified non-exempt employees, failed to pay wages, failed to pay premium pay, and failed to provide meal periods and rest periods); *Hollands v. Lincare, Inc., et al.*, (Case No. CGC-07-465052) (San Francisco County Superior Court) (final approval of class action settlement for overtime pay, off-the-clock work, unreimbursed expenses, and other wage and hour claims on behalf of a class of center managers); *Jantz, et al. v. Colvin*, (Case No. 531-2006-00276X) (In the Equal Employment Opportunity Commission Baltimore Field Office) (final approval of class action settlement for the denial of promotions based on targeted disabilities);

*Shemaria v. County of Marin*, (Case No. CV 082718) (Marin County Superior Court) (final approval of class action settlement on behalf of a class of individuals with mobility disabilities denied access to various facilities owned, operated, and/or maintained by the County of Marin); *Perez, et al. v. First American Title Ins. Co.*, (Case No. 2:08-cv-01184) (District of Arizona) (final approval of class action settlement in action challenging unfair discrimination by title insurance company); *Perez v. Rue21, Inc., et al.*, (Case No. CISCV167815) (Santa Cruz County Superior Court) (final approval of class action settlement for failure to provide meal and rest breaks to, and for off-the-clock work performed by, a class of retail employees); *Sosa, et al. v. Dreyer's Grand Ice Cream, Inc., et al.*, (Case No. RG 08424366) (Alameda County Superior Court) (final approval of class action settlement for failure to provide meal and rest breaks to, and for off-the-clock work performed by, a class of ice cream manufacturing employees); among many others.

7.    Nearly my entire legal career has been devoted to advocating for the rights of individuals who have been subjected to illegal pay policies, discrimination, harassment and retaliation and representing employees in wage and hour and discrimination class actions. I have litigated hundreds of wage and hour, employment discrimination and civil-rights actions, and I manage many of the firm's current cases in these areas. I am a member of the State Bar of California, and have had memberships with Public Justice, the National Employment Lawyers Association, the California Employment Lawyers Association, and the Consumer Attorneys of California. I served on the Board of Directors for the San Francisco Trial Lawyers Association and co-chaired its Women's Caucus. I was named one of the "Top Women Litigators for 2010" by the Daily Journal. In 2012, I was nominated for Woman Trial Lawyer of the Year by the Consumer Attorneys of California. I have been selected as a Super Lawyer every year since 2014. I earned my Bachelor's degree from the University of California, and I am a graduate of the University of the Pacific, McGeorge School of Law.

1

2

## **SUMMARY OF THE LITIGATION**

3

### **Factual Background**

4    8.    This is a wage and hour class action and a California Labor Code Private

5    Attorneys General Act ("PAGA") action against Defendant HNTB Corporation

6    ("Defendant" or "HNTB").

7    9.    HNTB is an infrastructure engineering and design firm for sporting,

8    transportation or educational facilities or industries. HNTB operates across the

9    United States, including in eight locations in California. Plaintiff is a former

10   employee of HNTB. Plaintiff worked remotely out of Defendant's Ontario,

11   California location as a Project Controls Manager from approximately January 4,

12   2021 to July 20, 2021.

13   10.   Plaintiff's claims are based on HNTB's allegedly unlawful reimbursement

14   policies, including HNTB's failure to compensate employees for their work-related

15   internet and cellphone expenses in violation of the California labor laws.

16   11.   In his complaint, Plaintiff alleges that during the Class Period, HNTB required

17   putative Class members to use their own cell phones and home-internet services for

18   work-related duties, putative Class members paid for their cell phone charges and

19   home-internet charges out-of-pocket, and HNTB failed to reimburse Class members

20   for their out-of-pocket cell phone charges and home internet charges in violation of

21   California Labor Code section 2802. Plaintiff seeks monetary damages on behalf of

22   the Class, and civil penalties on behalf of the State of California, as well as other

23   appropriate relief.[1]

24   ### **Procedural History**

25   12.   On February 23, 2022, Plaintiff filed his initial putative class action complaint

26

27   ---

[1] The "Class" is defined as all individuals who performed work in any capacity for
28   Defendant in California during the Class Period. Settlement, ¶ 4. The Class Period is
     defined as March 1, 2020 through May 1, 2024. Settlement, ¶ 5.

---

DECLARATION OF CAROLYN H. COTTRELL IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION AND PAGA SETTLEMENT
*Matthew Morel. v. HNTB Corporation Case No.: 3:22-cv-00408-AJB-AHG*

1   in San Diego County Superior Court against Defendant. In the complaint, Plaintiff

2   alleged: (1) failure to reimburse work expenses, (2) unfair business practices, and (3)

3   violation of the PAGA. Defendant removed the action to this Court on March 28,

4   2022. *See* ECF No. 1-2, ¶¶ 21, 22.

5   13.   On April 4, 2022, Defendant filed a motion to dismiss Plaintiff's complaint

6   for failure to state a claim for which relief can be granted pursuant to Federal Rules

7   of Civil Procedure 8 and 12(b)(6). *See* ECF No. 4. The Court granted the motion with

8   leave to amend on November 21, 2022. *See* ECF No. 18.

9   14.   On December 5, 2022, Plaintiff filed his first amended complaint ("FAC").

10  *See* ECF No. 21. On December 19, 2022, Defendant filed its Answer to Plaintiff's

11  FAC. *See* ECF No. 22.  Like the original complaint, the FAC alleges that Defendant

12  violated Labor Code § 2802, Business and Professions Code §§ 17200 *et seq.*, and

13  Labor Code §§ 2698 *et seq.* by failing to reimburse Plaintiff and the putative Class

14  Members for necessary business-related expenses. *See* ECF No. 21.

15  15.   On December 21, 2022, Magistrate Judge Allison H. Goddard set an Early

16  Neutral Evaluation Conference ("ENE"). *See* ECF No. 23. The case did not settle at

17  the March 27, 2023 ENE conference. Rather, Magistrate Judge Goddard determined

18  that the parties should meet and confer on whether the parties will engage in informal

19  discovery and pursue private mediation efforts. *See* ECF No. 29.

20  16.   The parties then engaged in formal and informal discovery. Plaintiff served

21  Defendant with written discovery on April 7, 2023. On the same date, Plaintiff also

22  proposed parameters for informal discovery in lieu of formal discovery. Defendant

23  propounded written discovery on May 25, 2023.

24  17.   On June 8, 2023, the parties agreed to stay formal discovery and participate

25  in a private mediation, which was held on July 20, 2023 before the Honorable Raul

26  Ramirez (Ret.). In the months leading up to the mediation, the parties met and

27  conferred regularly, and Defendant produced documents relating to the relevant

28  policies and procedures, as well as Plaintiff's personnel file, but the case did not settle

DECLARATION OF CAROLYN H. COTTRELL IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION AND PAGA SETTLEMENT
*Matthew Morel. v. HNTB Corporation Case No.:* 3:22-cv-00408-AJB-AHG

1  at this private mediation session.

2  18.  The parties resumed discovery after the mediation. On November 21, 2023,
3  Defendant deposed Plaintiff. Then, Plaintiff deposed Defendant's 30(b)(6)
4  representative on November 29, 2023. The parties attended an informal discovery
5  conference with Magistrate Judge Goddard on December 11, 2023, during which the
6  parties and the Court reviewed Defendant's written discovery responses. Following
7  the discovery conference, Magistrate Judge Goddard set a settlement conference for
8  January 11, 2024 and vacated the January 19, 2024 class certification deadline. See
9  ECF No. 44.

10  19.  The parties did not resolve the case at the January 11, 2024 settlement
11  conference, but they made significant progress. Defendant provided data points,
12  including the total number of Class Members (839), the total number of employees
13  designated as Work-From-Home ("WFH") employees (29), the total number of
14  employees that worked during the COVID-19 period (464), and information
15  regarding Defendant's policies and practices regarding reimbursement for cellphone
16  and internet expenses.

17  20.  Accordingly, Magistrate Judge Goddard set a second settlement conference
18  for February 22, 2024. The parties attended the settlement conference on February
19  22, 2024 during which Plaintiff's counsel extensively discussed and analyzed the
20  strengths of Plaintiff's claims, the risks of continued litigation, and damages analyses,
21  with substantial and active assistance from Magistrate Judge Goddard.

22  21.  Judge Goddard issued a settlement proposal following the second conference
23  and notified the parties on March 4, 2024 that both sides had accepted the proposal.
24  The terms of the proposed settlement were memorialized in the Settlement, which the
25  parties extensively negotiated and revised over several weeks.

26  22.  The parties fully executed the Settlement on May 23, 2024.

27  ### FACTS SUPPORTING PRELIMINARY APPROVAL

28  **Preliminary certification for settlement purposes is appropriate.**

23.  Plaintiff contends that the Settlement satisfies the requirements of Rule 23(a) and (b), and it is fair, reasonable, and adequate in accordance with Rule 23(e)(2).

24.  The estimated 839 members of the Settlement Class, including estimated 29 members of the Work from Home Subclass and 464 members of the COVID-19 Subclass, make joinder impracticable.[2] The members of the Class and respective subclasses may be readily identified from Defendant's payroll records.

25.  Plaintiff submits that common questions of law and fact not only exist but predominate here. Plaintiff alleges that Defendant's uniform business reimbursement policies and practices applies to all Class Members, creating pervasive issues that are amenable to resolution on a class-wide basis. Because these issues share a common nucleus of fact, involve the same legal theories, and can be resolved at the same juncture, Plaintiff contends that the commonality requirement is satisfied for the Class for settlement purposes.

26.  Plaintiff contends that his claims are typical of the claims of the Class. Plaintiff is a Class Member. Plaintiff worked for Defendant in California during the Class Period and was subject to Defendant's policies and practices that are the subject of this action. Plaintiff's interviews with Class Members and review of timekeeping and payroll data indicate that employees throughout California were subjected to the same alleged business reimbursement policies and practices as Plaintiff.

27.  Plaintiff submits that his claims are in line with, and are not antagonistic to, those of the Class Members. Plaintiff has prosecuted this action with the interests of the Class Members in mind. In addition, Class Counsel have extensive experience in class-action and employment litigation, including wage-and-hour class actions, and do not have any conflict with the Class.

---

[2] The "Work from Home Subclass" is defined as all Class members who were approved to work from home by Defendant at any time during the Class period. Settlement, ¶ 48. The "COVID-19 Subclass" is defined as all Class members who worked for Defendant at any time in California from March 13, 2020 to June 15, 2020 during the COVID-19 stay at home order.  Settlement, ¶ 13.

DECLARATION OF CAROLYN H. COTTRELL IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT
*Matthew Morel. v. HNTB Corporation Case No.:* 3:22-cv-00408-AJB-AHG

28.  Plaintiff contends that the common questions raised in this action predominate over any individualized questions concerning the Class.

29.  The Class is cohesive because resolution of Plaintiff's claims hinges on the alleged uniform policies and practices of Defendant, rather than the treatment the Class Members experienced on an individual level. As a result, Plaintiff submits that the resolution of the class claims would be achieved through the use of common forms of proof, such as Defendant's uniform policies, and would not require inquiries specific to individual Class Members.

30.  Plaintiff also contends that the class-action mechanism is a superior method of adjudication compared to a multitude of individual suits.

31.  Class Members do not have a strong interest in controlling the litigation of their individual claims. This action involves hundreds of workers with what Plaintiff contends are very similar, but relatively small, claims for monetary injury. If the Class Members were to proceed on their claims as individuals, their many individual suits would require duplicative discovery and duplicative litigation, and each Class Member would have to personally participate in the litigation effort to an extent that would never be required in a class proceeding.

32.  The issues raised by this case are much better handled collectively by way of a class action, where manageability is not a concern.

**The Settlement's terms are fair, reasonable, and adequate.**

33.  The Gross Settlement Amount of $490,000.00 represents a material percentage of Class Counsel's exposure analyses of Plaintiff's claims.

34.  By way of example, assuming that Class Members worked an aggregate of approximately 34,089 Work Months during the Class Period, including approximately 424 months worked by the Work from Home Subclass and

approximately 13952 months worked by the COVID-19 Subclass[3] – and assuming that *each* Class Member was entitled to $40 per month reimbursement for cell phone expenses and $55 per month for internet expenses, for *each* Work Month during the Class Period – the total maximum exposure is estimated at approximately $3.27 million, including approximately $40,280 exposure for the Work Months covered by the Work from Home Subclass and approximately $132,240 exposure for the Work Months worked by the COVID-19 Subclass.

35.   However, Defendant has denied the allegations in Plaintiff's complaint, has denied all liability, and has raised numerous arguments challenging both the merits and Plaintiff's ability to certify his claims.

36.   For example, Defendant argued that not all Class Members incurred cell phone or internet expenses throughout the Class Period, because even during the height of the COVID-19 pandemic, Defendant was considered an essential business and had employees continuing to work in the office.

37.   In addition, Defendant argued that individualized issues would predominate Plaintiff's core expense claims because the court will have to determine whether the claimed expenses were necessary and whether they were incurred in direct consequence of the discharge of the Class member's duties.

38.   Defendant further asserted that it provided cellular devices and hotspots to some Class members and that damages may be reduced because work-related calls can and were done through Class Member's work computers through communication platforms such as Teams and Webex. Defendant also argued that cellphones can serve as hotspots and this can reduce the maximum damages available to the Class. These arguments, if they prevailed, would have significantly reduced Defendant's liability in this case.

---

[3] "Work Months" are defined as the number of months each Class Member worked for Defendant in California during the Class period. Settlement, ¶ 49.

39.   In order to reflect an exposure amount that is reasonably discounted to account for the risks of class certification and trying the reimbursement claim on the merits, including in recognition of the various defenses and arguments raised by Defendant, Class Counsel applied a 30% discount to the exposure amount for the Work Months covered by the Work from Home Subclass and the COVID-19 Subclass, and a 60% discount to the rest of the Class Work Months. The resulting revised exposure is estimated at approximately $1.36 million.

40.   The Gross Settlement Amount of $490,000.00 represents approximately 15% of the maximum exposure, and approximately 36% of the revised exposure accounting for risks.

41.   The Net Settlement Amount of $274,383.00 reflects an estimate of $327.04 per Class Member.[4]

42.   However, to reflect the varying value of the Subclass claims, the Net Settlement Amount will be distributed to Class Members in the following manner:

   a.   For Settlement Class Members that do not belong to the COVID-19 subclass or the Work from Home Subclass, each work month during which work was performed in California during the Class Period will be equal to one (1) settlement share.

   b.   To reflect the varying value of the subclasses, members of the Work from Home Subclass and the COVID-19 Subclass will be entitled to one (1)additional settlement share subject to the following: (i) for members of the Work from Home Subclass, each work month during which work was performed in California from March 1, 2020 to February 23, 2024 will be equal to one (1) additional settlement share; (ii) for members of the COVID-

---

[4] "Net Settlement Amount" means  the gross settlement amount less the following sums, subject to approval by the Court: (1) attorney's fees ($163,317.00); (2) reasonable litigation costs ($15,000); (3) the Service Payment ($15,000); (4) the PAGA penalty payment ($9,800); and (5) Settlement Administration Costs ($12,500). Settlement, ¶ 61(f)

19 Subclass, each work month during which work was performed in California from March 13, 2020 to June 15, 2020 will be equal to one (1) additional settlement share, unless he/she already received one additional settlement share for the particular work month as a Work from Home Subclass member;

c.  The total number of settlement shares for all Class Members will be added together and the resulting sum will be divided into the Net Settlement Amount to reach a per share dollar figure. The figure will then be multiplied by each Class Member's pro rata portion of the Net Settlement Amount.

43.  In short, the Settlement consideration is fair, reasonable, and adequate in consideration of Class Counsel's damages analyses and the structure is fair, reasonable, and adequate in consideration of the specific strengths and risks assessed for Class Member's claims.

**Extensive discovery allowed the parties to make informed decisions regarding settlement.**

44.  The parties here have engaged in extensive discovery that has enabled both sides to assess the claims and potential defenses in this action, including extensive review of time and pay records for the Class, handbooks and written policies, and Plaintiff's personnel file.

45.  This allowed the parties to accurately assess the legal and factual issues that would arise if the case were to proceed to trial. In addition, in reaching the Settlement, Plaintiff's counsel relied on their substantial litigation experience in similar wage-and-hour class actions.

46.  Plaintiff's counsel's liability and damages evaluation was premised on a careful and extensive analysis of the effects of Defendant's policies and practices on Class Members' pay. The Gross Settlement Amount is an agreed compromise amount that resulted from substantial arm's-length negotiations following multiple settlement conferences with Magistrate Judge Goddard, a private mediation session, and

1  significant investigation and analysis by Plaintiff's counsel.

2  **Litigating the action not only would delay recovery but would be expensive**

3  **and time consuming and involve substantial risk.**

4  47.  The monetary value of the Settlement represents a fair compromise given the

5  risks and uncertainties posed by continued litigation.

6  48.  Litigating the class claims would require substantial additional preparation

7  and discovery. Plaintiff would need to complete fact and expert discovery, which

8  would include: (1) written discovery to and depositions of Class Members; (2) further

9  depositions of Defendant's 30(b)(6) witnesses, managers, and executives; (3) third

10 party discovery to Defendant's timekeeping and payroll custodians of records, and

11 (4) expert discovery. Plaintiff would likely need to move for and/or defend against

12 motions for summary judgment or adjudication. Finally, Plaintiff would need to

13 prepare for trial, which would require the presentation of percipient and expert

14 witnesses, as well as the consideration, preparation, and presentation of voluminous

15 documentary evidence and the preparation and analysis of expert reports. Trials are

16 inherently risky for all parties. Although Plaintiff believes that he would succeed

17 proving his claims, and that Defendant's evidence would not be as persuasive, a trial

18 on the merits would carry a significant degree of risk and expense.

19 49.  By contrast, resolving this case by means of the Settlement will yield a

20 prompt, certain, and substantial recovery for the Class Members. Such a result will

21 benefit the parties and the court system. It will bring finality to the action and will

22 foreclose the possibility of expanding litigation.

23 **The Settlement resulted from informed, non-collusive,**

24 **arm's-length negotiations between experienced counsel.**

25 50.  The Settlement was a product of non-collusive, arm's-length negotiations.

26 The parties participated in a private mediation before the Honorable Raul Ramirez

27 (Ret.) and an Early Neutral Evaluation Conference and two settlement conferences

28 before Judge Goddard. The parties then spent several weeks discussing settlement

1   and negotiating the Settlement, with several rounds of edits related to the final details

2   of the Settlement. Plaintiff is represented by experienced and respected class-action

3   litigators who feel strongly that the proposed Settlement achieves an excellent result

4   for the Class Members.

5                    **The proposed attorneys' fees and costs are reasonable.**

6       51.   In their fee motion to be submitted prior to the final approval hearing, Class

7   Counsel will request 33.33% of the Gross Settlement Amount, or $163,317.00, in

8   attorneys' fees plus reimbursement of reasonable litigation costs in an amount not to

9   exceed $15,000.00.

10      52.   Class Counsel will provide their lodestar information with their fee motion,

11  which will demonstrate the reasonableness of Class Counsel's rates and requested

12  fees.

13      53.   In this case, given the excellent results achieved and the effort and risk

14  undertaken to achieve it, 33.33% is warranted. There was no guarantee of

15  compensation or reimbursement in this action. Instead, counsel undertook all the risks

16  of this litigation on a completely contingent-fee basis. Defendant's vigorous and

17  skillful defense confronted Plaintiff's counsel with the prospect of recovering nothing

18  or close to nothing for their commitment to and investment in the case. Nevertheless,

19  Plaintiff and his counsel committed themselves to developing and pressing Plaintiff's

20  legal claims to enforce the Class Members' rights and maximize recovery.

21      54.   Further, as a result of the efforts done by Class Counsel to prosecute this case,

22  Defendant has represented that it will undergo a review and implement changes to its

23  policies and practices regarding business reimbursements, so they are compliant with

24  California law.

25      55.   Attorneys who litigate on a wholly or partially contingent basis expect to

26  receive higher effective hourly rates in cases where compensation is contingent on

27  success, particularly in hard-fought cases where, like in the instant case, the result is

28  uncertain.

56. Plaintiffs' counsel respectfully submits that a 33.33% recovery for fees is appropriate. Class Counsel's efforts resulted in the excellent Settlement, and the fee and costs award should be preliminarily approved as fair and reasonable.

**The proposed enhancement award is reasonable.**

57. In agreeing to serve as Class Representative, Plaintiff formally agreed to accept the responsibilities of representing the interests of all Class Members. Plaintiff spent a substantial amount of time and effort in pursuing the class claims. Plaintiff had discussions with Class Counsel, worked with Class Counsel to review facts and answer questions, assisted Class Counsel in their mediation efforts, and remained apprised of the case since choosing to become named plaintiff. Plaintiff took the significant risk of coming forward to represent the interests of his fellow employees. Plaintiff also was deposed by Defendant.

58. Plaintiff also took on great risk in pursuing a case against a former employer. By bringing this lawsuit, Plaintiff incurred a real risk of retaliation from future employers that will be present for the rest of his work life. Such conduct may be considered by future employers when choosing between an applicant who has never sued a prior employer and one that has.

59. Accordingly, it is appropriate and just for Plaintiff to receive a reasonable service award in the amount of $15,000.00 in addition to his share of the Net Settlement Amount for his time and service as a Class Representative.

**The proposed Notice is reasonable.**

60. The Notice is clear and straightforward and provides information on: (1) the meaning and nature of the proposed Settlement; (2) the terms and provisions of the Settlement, including the claims released; (3) the relief the Settlement will provide to the Class Members, including an estimate of the amount to be paid to each Class Member; (4) the amount requested by Class Counsel for attorneys' fees and costs; (5) the amount requested for the Class Representative Enhancement Payment to Plaintiff; (6) the procedure and deadlines for submitting requests to be excluded from the

1  Settlement, objections to the Settlement, and disputes regarding work months and/or

2  PAGA Pay Periods; and (7) the date, time, and place of the final approval hearing.

3     61.  The Notice also fulfills the requirement of neutrality in class notices. It

4  summarizes the proceedings to date and the terms and conditions of the Settlement

5  in an informative and coherent manner, in compliance with the Manual for Complex

6  Litigation's instruction that a class-action notice should state essential terms

7  concisely and clearly, in plain, easily understood language. The Notice clearly states

8  that the Settlement does not constitute an admission of liability by Defendant and

9  recognizes that the Court has not ruled on the merits of the Action. It also states that

10 the Court has not yet made a final settlement approval decision.

11    Executed on ___August 1, 2024___ in ___Auburn___, California.

12

13                                /s/ Carolyn H. Cottrell

14                                Carolyn H. Cottrell

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF CAROLYN H. COTTRELL IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION AND PAGA SETTLEMENT
*Matthew Morel. v. HNTB Corporation* Case No.: 3:22-cv-00408-AJB-AHG

# EXHIBIT 1

Carolyn H. Cottrell (SBN 166977)
Esther L. Bylsma (SBN 264208)
Sandra Acosta Tello (SBN 315616)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
ebylsma@schneiderwallace.com
sacostatello@schneiderwallace.com

*Attorneys for Plaintiff and the Putative Class*

*[Additional representation on next page]*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MATTHEW MOREL, an individual on his own behalf and on behalf of all others similarly situated; <br><br> Plaintiff, <br><br> vs. <br><br> HNTB Corporation, a Delaware corporation;  and DOES 1-10, inclusive; <br><br> Defendant | Case No. 3:22-cv-00408-AJB-AHG <br><br> *Assigned for all purposes to Honorable Anthony J. Battaglia* <br><br> <u>CLASS AND PAGA REPRESENTATIVE ACTION</u> <br><br> **JOINT STIPULATION OF CLASS ACTION AND PAGA REPRESENTATIVE ACTION SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS** <br><br> Complaint Filed: February 23, 2022 |

1  SHOOK, HARDY & BACON L.L.P.
   Mark C. Tatum, Bar No. 295457
   mtatum@shb.com
2  Laura M. Booth, Bar No. 179857
   lbooth@shb.com
3  Jamboree Center
   5 Park Plaza, Suite 1600
4  Irvine, CA  92614
   Tel:   (949) 475-1500
5  Fax:   (949) 475-0016

6  *Attorneys for Defendant*
   *HNTB Corporation*
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

### JOINT STIPULATION OF CLASS ACTION AND PAGA REPRESENTATIVE ACTION SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

3          This Joint Stipulation of Class Action and PAGA Representative Action Settlement

4   Agreement and Release of Claims ("Joint Stipulation of Settlement" or "Settlement" or

5   "Agreement") is made and entered into by and between Plaintiff Matthew Morel ("Plaintiff" or

6   "Class Representative"), as an individual and on behalf of all others similarly situated, and

7   Defendant HNTB Corporation ("Defendant"), subject to the terms and conditions herein and the

8   Court's approval.  Plaintiff and Defendant are collectively referred to herein as the "Parties."

9          THE PARTIES STIPULATE AND AGREE as follows:

10  **DEFINITIONS**

11         The following definitions are applicable to this Settlement Agreement. Definitions contained

12  elsewhere in this Settlement Agreement will also be effective:

13         1.     For purposes of this Settlement, this matter, entitled *Matthew Morel, an individual*

14  *on his own behalf and on behalf of all others similarly situated v. HNTB Corporation, a Delaware*

15  *corporation,* Case No.: 3:22-cv-00408-AJB-AHG, is referred to herein as the "Action."

16         2.     For purposes of this Settlement, "Agreement," "Settlement Agreement,"

17  "Settlement," or "Stipulation" mean this Joint Stipulation of Class Action and PAGA Representative

18  Action Settlement Agreement and Release of Claims.

19         3.     For purposes of this Settlement, "Attorneys' Fees and Costs" means attorneys' fees

20  not to exceed 33.33% of the Gross Settlement Amount ($490,000.00) for Plaintiff's Counsel's

21  litigation and resolution of the Action, plus all reasonable costs and expenses incurred and to be

22  incurred by Plaintiff's Counsel in the Action not to exceed $15,000.00 for costs including but not

23  limited to those associated with documenting the Settlement, securing the Court's approval of the

24  Settlement, assisting in the administration of the Settlement, and expenses for any experts.

25         4.     For purposes of this Settlement, "Class Period" means the period of time beginning

26  on March 1, 2020 through May 1, 2024, or the Preliminary Approval Date, whichever occurs first.

27         5.     For purposes of this Settlement, "Class" or "Class Members" consist of: All

28  individuals who performed work in any capacity for Defendant in California at any time during the

1  Class Period.  Defendant's best estimate is that the Class included approximately 839 individuals as

2  of January 3, 2024.

3      6.    For purposes of this Settlement, "Class Counsel" or "Plaintiff's Counsel" means

4  Schneider Wallace Cottrell Konecky LLP and W Employment Law Group, APC.

5      7.    For purposes of this Settlement, "Class List and Data" means a file containing the

6  following information for each Class Member:  (1) name; (2) last known address; (3) last known

7  telephone number; (4) social security number; (5) the respective number of Covered Work Months

8  that each Settlement Class Member worked during the Class Period; and (6) the respective number

9  of Pay Periods that each PAGA Member worked during the PAGA Period.

10     8.    For purposes of the Settlement, "Class Representative Enhancement Payment"

11 means an amount not to exceed $15,000.00 approved by the Court to be paid to Plaintiff in

12 recognition of his effort and work in prosecuting the Action on behalf of Class Members, and for his

13 general release of claims, in addition to his Individual Settlement Payment as a Settlement Class

14 Member and Individual PAGA Payment as a PAGA Class Member.

15     9.    For purposes of this Settlement, "Class Representative's Released Claims" shall have

16 the meaning ascribed to it in Paragraph 73 herein.

17     10.   For purposes of this Settlement, the "Complaint" means the operative complaint at

18 the time the Court grants Preliminary Approval of this Settlement.

19     11.   For purposes of this Settlement, "Covered Work Months" means the number of

20 months a Class Member worked for Defendant in California during the Class Period.  Covered Work

21 Months will be calculated based on Defendant's business records.

22     12.   For purposes of this Settlement, "Court" means the United States District Court for

23 the Southern District of California or any Court of competent jurisdiction.

24     13.   For the purposes of this Settlement, "COVID-19 Subclass" means all Class

25 Members who worked for Defendant at any time in California from March 13, 2020 to June 15,

26 2020 during the COVID-19 stay at home order.

27     14.   For purposes of this Settlement, "Defendant" means HNTB Corporation.

28     15.   For purposes of this Settlement, "Defendant's Counsel" means Shook, Hardy &

Bacon, LLP.

16.     For purposes of this Settlement, "Effective Date" means the first business day after all of the following events have occurred: (a) the Settlement Agreement has been executed by all Parties and their respective counsel; (b) the Court has given preliminary approval of the settlement; (c) the Notice has been given to the Class Members; (d) the Court has held a final approval hearing and entered a Final Approval Order and Judgment certifying the Settlement Class and approving the Settlement, and (e) the later of the following events: (i) 65 calendar days following notice of entry of the Court's Final Approval Order, assuming no appeal or request for review is filed, or (ii) if any appeal, writ or other appellate proceeding opposing this settlement has been filed within 65 calendar days following notice of entry of the Court's Final Approval Order, then 30 calendar days after when any appeal, writ, or other appellate proceeding opposing the settlement has been resolved finally and conclusively with no right to pursue further remedies or relief. In this regard, it is the intention of the Parties that the Settlement shall not become effective until the Court's order approving the Settlement is completely final, and there is no further recourse by an appellant or objector who seeks to contest the Settlement.

17.     For purposes of this Settlement, "Final Approval" refers to the order of the Court granting final approval of this Settlement Agreement that disposes of all issues raised in this Action and entering Judgment approving this Settlement on substantially the same terms provided herein or as may be modified by subsequent mutual agreement of the Parties or order of the Court.

18.     For purposes of this Settlement, "Final Approval Order" means the order granting Final Approval of Class Action and PAGA Representative Action Settlement and Judgment entered by the Court.

19.     For purposes of this Settlement, "Gross Settlement Amount" shall have the meaning ascribed to it in Paragraph 61(b) herein.

20.     For purposes of this Settlement, "Net Settlement Amount" shall have the meaning ascribed to it in Paragraph 61(f) herein.

21.     For purposes of this Settlement, "Notice" means the notice of the proposed settlement of class action and PAGA Settlement and setting of a Final Approval hearing that will be sent to the

Class Members as set forth in Paragraph 61(s) herein.

22.    For purposes of this Settlement, "Objecting Settlement Class Member" means a Settlement Class Member, other than Plaintiff, who submits a valid and timely objection to the terms of this Agreement pursuant to Paragraph 61(x) herein.

23.    For purposes of this Settlement, "PAGA Allocation" means the amount the Parties have agreed to pay to the Labor and Workforce Development Agency ("LWDA") in resolution of the Labor Code Private Attorneys General Act of 2004 (Cal. Lab. Code §§ 2698, *et seq.*, "PAGA") claims asserted in the Action.  The Parties have agreed that the PAGA Allocation will be $9,800 of the Gross Settlement Amount.

24.    For purposes of this Settlement, "Individual Settlement Payment" means each Class Member's share of the Net Settlement Amount, to be distributed to the Settlement Class Members, and each PAGA Class Member's share of the Net Settlement Amount, to be distributed to all PAGA Class Members.

25.    For purposes of this Settlement, "Labor and Workforce Development Agency Payment" or "LWDA Payment" means 75% of the PAGA Allocation, or $7,350.00, that the Parties have agreed to pay to the Labor and Workforce Development Agency ("LWDA") in resolution of the Labor Code Private Attorneys General Act of 2004 (Cal. Lab. Code §§ 2698, *et seq.*, "PAGA") claims asserted in the Action.

26.    For purposes of this Settlement, "PAGA Employee" means all individuals who performed work for Defendant in California at any time during the PAGA Period. It is stipulated by the Parties that, for purposes of this Settlement only, all PAGA Employees are "aggrieved employees" as defined pursuant to PAGA.

27.    For purposes of this Settlement, "PAGA Pay Periods" means the number of pay periods each PAGA Employee worked for Defendant in California during the PAGA Period. PAGA Pay Periods will be calculated based on Defendant's business records.

28.    For purposes of this Settlement, "PAGA Penalty Payment" means seventy-five percent (75%) of the PAGA Allocation, or $7,350.00, that will be paid to the LWDA.

29.    For purposes of this Settlement, "PAGA Period" means the period of time beginning

1    on August 2, 2020, through May 1, 2024, or the Preliminary Approval date, whichever occurs first.

2         30.    For purposes of this Settlement, "PAGA Representative" or "Class Representattive"
3    or "Plaintiff" means Plaintiff Matthew Morel.

4         31.    For purposes of this Settlement, "PAGA Settlement Payment" means twenty-five
5    percent (25%) of the PAGA Allocation, or $2,450.00, that will be included in the Net Settlement
6    Amount for distribution to the PAGA Employees on a *pro rata* basis.

7         32.    For purposes of this Settlement, "Preliminary Approval Date" means the date the
8    Court preliminarily approves the Settlement Agreement, and the exhibits thereto, and enters the
9    Preliminary Approval Order.

10        33.    For purposes of this Settlement, "Preliminary Approval Order" means the judicial
11   Order to be entered by the Court, upon the application or motion of the Plaintiff, preliminarily
12   approving this Settlement and providing for the issuance of the Notice to the Class Members, an
13   opportunity to submit timely Requests for Exclusion from the settlement of the Class Claims, an
14   opportunity to submit timely objections to the terms of this Settlement related to the Class Claims,
15   and setting a hearing on the fairness of the terms of the Settlement, including approval of attorneys'
16   fees and costs.

17        34.    For purposes of this Settlement, "Parties" means Plaintiff and Defendant
18   collectively.

19        35.    For purposes of this Settlement, "QSF" means the Qualified Settlement Fund set up
20   by the Settlement Administrator for the benefit of the Settlement Class Members, and from which
21   the settlement payments shall be made, and which is intended to be a fund that qualifies under
22   Internal Revenue Code Section 468.

23        36.    For purposes of this Settlement, "Release" or "Released Claims" means the release
24   and discharge of the Class Claims by Plaintiff and all of the Settlement Class Members and the
25   release and discharge of the PAGA Claims by Plaintiff and all of the PAGA Employees.

26        37.    For purposes of this Settlement, "Released Class Claims" or "Class Claims" means
27   any and all claims, causes of action, demands, damages, or liabilities arising at any time during the
28   Class Period that were pled or which could have been pled based on the factual allegations contained

1  in the Complaint, including but not limited to claims for failure to indemnify necessary business

2  expenses in violation of Labor Code § 2802, violations of Business and Professions Code § 17200,

3  *et seq*., and violations of PAGA Labor Code § 2698, *et seq.* The Released Class Claims extend to

4  all theories of relief available for the Released Class Claims, whether under California law, federal

5  law, state law or common law (including, without limitation, as alleged violations of the California

6  Labor Code, the IWC Wage Orders, applicable regulations, or California's Business and Professions

7  Code §§ 17200). The Released Class Claims include all types of relief available for the Released

8  Class Claims, including without limitation any claims for damages, restitution, losses, penalties,

9  fines, liens, attorneys' fees, costs, expenses, debts, interest, injunctive relief, declaratory relief, or

10  liquidated damages.

11      38.    For purposes of this Settlement, "Released Parties" means Defendant, together with

12  each of its past, present, and future parent companies, subsidiaries, affiliated and related companies,

13  successors, and predecessors, as well as their respective past, present, and future owners, officers,

14  directors, shareholders, employees, managers, agents, principals, representatives, administrators,

15  accountants, auditors, consultants, fiduciaries, insurers and reinsurers, company-sponsored

16  employee benefit plans, and attorneys, both individually and in their official capacities, as well as all

17  persons acting by, through, under, or in concert with any of these persons or entities.  As set forth in

18  Paragraph 77 and each of its subparts herein, the Release in this Agreement also extends to any and

19  all third-party staffing agencies for: (a) Released Class Claims arising from or reasonably related to

20  Settlement Class Members' assignments by such third-party staffing agencies with Defendant

21  during the Class Period, and (b) Released PAGA Claims arising from or reasonably related to the

22  PAGA Employees' assignments by such third-party staffing agencies with Defendant during the

23  PAGA Period.

24      39.    For purposes of this Settlement, "Released PAGA Claims" or "PAGA Claims"

25  means any and all claims, causes of action, demands, damages, or liabilities arising at any time

26  during the PAGA Period that were pled or which could have been pled based on the factual

27  allegations contained in the Complaint, including claims premised on the alleged Labor Code

28  violations identified in Paragraph 37 herein. The Released PAGA Claims include all types of relief

1  available for the Released PAGA Claims, including without limitation any claims for damages,

2  penalties, fines, attorneys' fees, costs, expenses or interest.

3       40.    For purposes of this Settlement, "Request for Exclusion" shall have the meaning

4  ascribed to it in Paragraph 61(w) herein.

5       41.    For purposes of this Settlement, "Response Deadline" means the date forty-five (45)

6  calendar days after the Settlement Administrator initially mails the Notice to Settlement Class

7  Members and the last date on which Settlement Class Members may submit a Request for Exclusion

8  or written objection to the Settlement.  In the case of a re-mailed Notice, the Response Deadline will

9  be the latter of 45 calendar days after initial mailing or 14 calendar days from re-mailing.  The

10 Response Deadline may be extended only as described herein.

11      42.    For purposes of this Settlement, "Service Payment" means the amount approved by

12 the Court to be paid to Plaintiff in addition to his individual Settlement Class Payment as a Settlement

13 Class Member and individual PAGA Payment as a PAGA Employee.

14      43.    For purposes of this Settlement, "Settlement Administrator" means the third-party

15 class action settlement administrator agreed to by the Parties and approved by the Court for the

16 purposes of administering this settlement.  The Parties each represent that they do not have any

17 financial interest in the Settlement Administrator that could create a conflict of interest.

18      44.    For purposes of this Settlement, "Settlement Administration Costs" means the actual

19 and direct fees and expenses reasonably incurred by the Settlement Administrator for administering

20 this Settlement, including, but not limited to, printing, distributing, and tracking documents for this

21 Settlement, calculating estimated amounts per Class Member, tax reporting and remittance, due

22 diligence, distributing the Gross Settlement Amount, and providing necessary reports and

23 declarations, and other duties and responsibilities set forth herein to process this Settlement, and as

24 requested by the Parties.  The Settlement Administration Costs will be paid from the Gross

25 Settlement Amount.

26      45.    For purposes of this Settlement, "Settlement Class Members" are those Class

27 Members who do not submit timely and/or valid Requests for Exclusion from settlement of the Class

28 Claims to the Settlement Administrator.

46.    For purposes of this Settlement, "Settlement Class Payments" shall have the meaning ascribed to it in Paragraph 61(g) herein.

47.    For purposes of this Settlement, "Settlement Payments" means the Settlement Class Payments and all of the payments to PAGA Employees (the "PAGA Settlement Payment").

48.    For the purposes of this Settlement, "Work from Home Subclass" means all Class Members who were approved to work from home by Defendant at any time during the Class period.

49.    For purposes of this Settlement, "Work Months" means the number of months each Class Member worked for Defendant in in California during the Class Period. Work Months will be calculated based on Defendant's business records.

STIPULATED BACKGROUND

50.    On or about February 23, 2022, Plaintiff filed the Action against Defendant, including causes of action for: (a) Failure to Reimburse Work Expenses (Labor Code § 2802); (b) Unfair Business Practices (Cal. Bus. & Prof. Code §§ 17200, *et seq*.); and (3) Violation of the Private Attorney Generals Act of 2004 (Labor Code § 2698, *et seq*.).

51.    On or about December 5, 2022, Plaintiff filed a First Amended Complaint. In the First Amended Complaint, Plaintiff seeks to represent all persons who worked for Defendant in California at any time during the Class Period.

52.    Solely for purposes of settling the Action as set forth in this Agreement, Defendant will stipulate and agree that the Settlement Class Members described herein may be conditionally certified as a settlement class and that the PAGA Employees are appropriate for representative treatment for purposes of settlement. This stipulation to certification and representative treatment is in no way an admission that class action certification and/or representative treatment is proper and shall not be admissible in this or any other action except for the sole purposes of enforcing this Agreement.

53.    Should, for whatever reason, the Settlement not become effective, the fact that the Parties were willing to stipulate to certification as part of the Settlement shall have no bearing on, and shall not be admissible in connection with, the issue of whether the Class Members and/or the Class claims should be certified in a non-Settlement context in this Action or in any other lawsuit.

1   Defendant expressly reserves its right to oppose class certification, representative treatment, and the

2   substantive merits of this Action should Final Approval or the Effective Date not occur for any

3   reason.

4         54.     Defendant denies any liability or wrongdoing of any kind whatsoever associated with

5   the claims alleged in the Complaint, and Defendant further denies that, for any purpose other than

6   settling this lawsuit, Defendant contends, among other things, that Plaintiff and the Class Members

7   have been properly reimbursed business expenses and that it has complied at all times with the

8   California Labor Code and applicable Wage Orders of the Industrial Welfare Commission.

9   Furthermore, with respect to all claims, Defendant contends that it has complied at all times with the

10  California Business and Professions Code.

11        55.     Class Counsel has conducted a thorough investigation into the facts of this Action,

12  including an extensive review of relevant documents, and has diligently pursued an investigation of

13  the claims of the Class against Defendant. Based on its own independent investigation and

14  evaluation, Class Counsel is of the opinion that the Settlement with Defendant for the consideration

15  and on the terms set forth in this Joint Stipulation of Settlement is fair, reasonable, and adequate and

16  is in the best interest of the Class in light of all known facts and circumstances, including the risk of

17  significant delay, the risk the Class will not be certified by the Court, defenses asserted by Defendant,

18  and numerous potential appellate issues. Defendant and Defendant's Counsel also agree that the

19  Settlement is fair and in the best interest of the Class.

20        56.     On January 11, 2024, the Parties participated in a Settlement Conference before

21  Magistrate Judge Allison Goddard.  A second Settlement Conference was held on February 22,

22  2024.  After two half-day Settlement Conferences, on February 23, 2024, Judge Goddard issued a

23  double –blind Mediator's Proposal, which was to remain open until March 4, 2024.  On March 4,

24  2024, Judge Goddard notified the Parties that both sides had accepted the Mediator's Proposal.  The

25  Parties agree that the terms and conditions of this Agreement are the result of lengty, intensive,

26  arms-length negotiations between the Parties supervised by a highly experienced Magistrate Judge.

27  This Agreement represents a compromise and settlement of highly disputed claims, and is intended

28  to settle, compromise and discharge the Released Class Claims and Released PAGA Claims against

the Released Parties fully, finally, and forever.

57.    The Parties agree that neither the Parties' Settlement, this Agreement, nor the acts to be performed or judgments to be entered pursuant to the terms of the Settlement and Agreement, shall be construed as an admission by Defendant or any of the Released Parties of any wrongdoing or violation of any statute or law or liability on the claims or allegations in the Action.

58.    It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all claims, causes of action, demands, damages, or liabilities arising at any time during the Class Period that were pled or which could have been pled based on the factual allegations contained in the Complaint, or any subsequent amended complaint filed in the Action.

59.    The Parties agree to cooperate and take all steps necessary and appropriate to obtain preliminary and final approval of this Settlement.

60.    The Parties agree to stay all proceedings and deadlines in the Action, except such proceedings necessary to implement and complete the Settlement, pending the final approval hearing to be conducted by the Court.

## PRIMARY TERMS OF SETTLEMENT

61.    NOW THEREFORE, in consideration of the mutual covenants, promises and agreements set forth herein, the Parties agree, subject to the Court's approval, as follows:

(a) It is agreed by and among the Class and Defendant that this case and any claims, damages, or causes of action arising out of the disputes which are the subject of this case, be settled and compromised as between the Class and Defendant, subject to the terms and conditions set forth in this Settlement and the approval of the Court.

(b) Gross Settlement Amount. In consideration for settlement of the Action and the Releases described in Paragraph 77 and each of its subparts herein, Defendant shall be obligated to pay the Gross Settlement Amount of $490,000.00, subject to the Escalator Clause in subsection (c) herein. The Gross Settlement Amount is the maximum amount that will be paid by Defendant, and includes Plaintiff's attorneys' fees and litigation costs as set forth in subsection (m) herein, Plaintiff's

Service Payment as set forth in subsection (n) herein, the Settlement Administration Costs as set forth in subsection (p) herein, the PAGA Allocation as set forth in Paragraph 23 herein, and the Settlement Class Payments to Settlement Class Members and PAGA Class Members as set forth in subsection (g) herein. Other than being subject to the Escalator Clause below, in no event shall Defendant be required to pay any amounts above this Gross Settlement Amount.

(c) <u>Escalator Clause</u>: Defendant estimates that there are approximately 34,629 Work Months during the Class Period through May 1, 2024. If it is later determined that the total number of Work Months during the Class Period is more than ten percent (10%) greater than 34,629 at the time the Class List and Data is delivered to the Settlement Administrator to prepare the Notice, Defendant shall increase the total Gross Settlement Amount by one percent (1%) for every one percent (1%) increase in Work Months over the ten percent (10%) threshold (the "Escalator Clause").

(d) <u>Non-reversionary Settlement</u>: No portion of the Gross Settlement Amount will revert to Defendant. Settlement Class Members who do not timely submit valid requests for exclusion are entitled to their respective portion of 100% of the Net Settlement Amount. Distributions, in the form of Settlement Class Payments to Settlement Class Members, will be made directly to each Settlement Class Member. If there are any timely submitted Requests for Exclusion, the Settlement Administrator shall proportionately increase the individual Settlement Class Payment for each Settlement Class Member so that the total amount actually distributed to Settlement Class Members equals 100% of the Net Settlement Amount. The Settlement Administrator shall be responsible for accurately and timely reporting any remittance obligations with respect to unclaimed funds as a result of the Settlement Class Member not cashing a Settlement Class Payment by the check cashing deadline, as set forth in

Paragraphs 69 through 71 herein.

(e) <u>No Claims Required</u>: Settlement Class Members will not be required to submit a claim to receive their Settlement Class Payment, and PAGA Employees will not be required to submit a claim to receive their PAGA Settlement Payment.

(f) <u>Net Settlement Amount</u>:  The Net Settlement Amount is defined as the Gross Settlement Amount ($490,000) less the following sums, subject to approval by the Court:  (1) attorney's fees (not to exceed 33.33% of the Gross Settlement Amount or $163,317.00); (2) reasonable litigation costs (not to exceed $15,000.00); (3) the Service Payment (not to exceed $15,000 to Plaintiff); (4) the PAGA Penalty Payment in the amount of $9,800 (75% of which is the PAGA Allocation); and (5) Settlement Administration costs (estimated to be $12,500). Settlement Payments to the Class Members will be calculated by the Settlement Administrator and paid out of the Net Settlement Amount as set forth in Paragraphs 61(g) and 61(h) herein. In the event that the Court reduces the attorney's fees, litigation costs, Service Payment or Settlement Administration Costs, or either increases or decreases the PAGA Allocation, the Net Settlement Amount shall be increased or decreased accordingly.

(g) <u>Settlement Class Payments (Excludes PAGA Settlement Payment)</u>:  The Settlement Class Payments will be paid out of the Net Settlement Amount.  Each Settlement Class Member will be paid a pro-rata share of the Net Settlement Amount (less the PAGA Settlement Payment), as calculated by the Settlement Administrator using the Class List and Data provided by Defendant. The pro-rata share will be determined as follows:

(i) For each work month during which the Settlement Class Member performed work for Defendant as alleged in the operative Complaint, he or she shall be eligible to receive a *pro rata* portion of the Net Settlement Amount based on the number of work months the Settlement Class Member worked at any time during the Class Period as described below:

1. For the COVID-19 subclass (March 13, 2020 to June 15, 2020);

2. For the Work from Home subclass (March 1, 2020 to May 1, 2024); or

3. In California from March 1, 2020 to May 1, 2024.

(ii) For Settlement Class Members that do not belong to the COVID-19 subclass or the Work from Home Subclass, each work month during which work was performed in California during the Class Period will be equal to one (1) settlement share. To reflect the varying value of the subclasses, members of the Work from Home Subclass and the COVID-19 Subclass will be entitled to one (1) additional settlement share subject to the below:

1. for members of the Work from Home Subclass, each work month during which work was performed in California from March 1, 2020 to February 23, 2024 will be equal to one (1) additional settlement share;

2. for members of the COVID-19 Subclass, each work month during which work was performed in California from March 13, 2020 to June 15, 2020 will be equal to one (1) additional settlement share, unless he/she already received one additional settlement share for the particular work month as a Work from Home Subclass member.

(iii) The total number of settlement shares for all Class Members will be added together and the resulting sum will be divided into the Net Settlement Amount to reach a per share dollar figure. The figure will then be multiplied by each Class Member's *pro rata* portion of the Net Settlement Amount.

(iv) Each Settlement Class Member's share of the Settlement Class Payment will be distributed by the Settlement Administrator by mail to each Settlement Class Member.  Un-cashed, unclaimed or abandoned checks, shall be transmitted to the California Controller's Office, as set forth in Paragraph 70 herein. If there are any timely submitted Requests for Exclusion, the Settlement Administrator shall proportionately increase each Settlement Class Member's share of the Settlement Class Payment so that the amount

distributed to Settlement Class Members equals 100% of the Net Settlement
Amount.

(h) <u>PAGA Settlement Payment</u>:  The PAGA Settlement Payment will be paid out of
the Net Settlement Amount.  Each PAGA Employee will be paid a pro-rata share
of the PAGA Settlement Payment, as calculated by the Settlement Administrator
using the Class List and Data provided by Defendant. Class Members are not
permitted to exclude themselves from this portion of the Settlement. The pro-rata
share will be determined by comparing each PAGA Employee's PAGA Pay
Periods during the PAGA Period in California to the total PAGA Pay Periods of
all PAGA Employees during the PAGA Period as follows: [PAGA Pay Periods
of a PAGA Employee] ÷ [Sum of all PAGA Pay Periods of all PAGA
Employees] × [PAGA Settlement Payment] = individual PAGA Settlement
Payment for a PAGA Employee. Each PAGA Employee's share of the PAGA
Settlement Payment will be distributed by the Settlement Administrator by mail
to each PAGA Employee. Un-cashed, unclaimed or abandoned checks, shall be
transmitted to the California Controller's Office, as set forth in Paragraph 70
herein.

(i) <u>Allocation of Settlement Payments</u>:  The Parties have agreed that the Settlement
Amount and PAGA Settlement Amount include non-wage claims from which
no taxes will be withheld.  The Settlement Administrator will issue to each
Settlement Class Member an Internal Revenue Service Form 1099 for the
settlement for civil penalties, interest and all non-wage claims.

(j) <u>Tax Liability</u>: Class Counsel, Defendant, and Defendant's Counsel make no
representations as to the tax treatment or legal effect of the Settlement Payments
called for hereunder, and Plaintiff and the Class Members are not relying on any
statement or representation by Class Counsel, Defendant, or Defendant's Counsel
in this regard. Plaintiff and Class Members understand and agree that they will be
solely responsible for the payment of any taxes and penalties assessed on their

respective Settlement Payments described herein. If the Code, the regulations
promulgated thereunder, or other applicable tax law, are changed after the date of
this Agreement, the processes set forth in this Section may be modified in a
manner to bring Defendant into compliance with any such changes.

(k) <u>CIRCULAR 230 DISCLAIMER</u>. EACH PARTY TO THIS AGREEMENT
(FOR PURPOSES OF THIS SECTION, THE "ACKNOWLEDGING
PARTY" AND EACH PARTY TO THIS AGREEMENT OTHER THAN THE
ACKNOWLEDGING PARTY, AN "OTHER PARTY") ACKNOWLEDGES
AND AGREES THAT (1) NO PROVISION OF THIS AGREEMENT, AND
NO WRITTEN COMMUNICATION OR DISCLOSURE BETWEEN OR
AMONG THE PARTIES OR THEIR ATTORNEYS AND OTHER
ADVISERS, IS OR WAS INTENDED TO BE, NOR SHALL ANY SUCH
COMMUNICATION OR DISCLOSURE CONSTITUTE OR BE
CONSTRUED OR BE RELIED UPON AS, TAX ADVICE WITHIN THE
MEANING OF UNITED STATES TREASURY DEPARTMENT
CIRCULAR 230 (31 CFR PART 10, AS AMENDED); (2) THE
ACKNOWLEDGING PARTY (A) HAS RELIED EXCLUSIVELY UPON
HIS, HER, THEIR, OR ITS OWN, INDEPENDENT LEGAL AND TAX
COUNSEL FOR ADVICE (INCLUDING TAX ADVICE) IN CONNECTION
WITH THIS AGREEMENT, (B) HAS NOT ENTERED INTO THIS
AGREEMENT BASED UPON THE RECOMMENDATION OF ANY
OTHER PARTY OR ANY ATTORNEY OR ADVISOR TO ANY OTHER
PARTY, AND (C) IS NOT ENTITLED TO RELY UPON ANY
COMMUNICATION OR DISCLOSURE BY ANY ATTORNEY OR
ADVISER TO ANY OTHER PARTY TO AVOID ANY TAX PENALTY
THAT MAY BE IMPOSED ON THE ACKNOWLEDGING PARTY; AND
(3) NO ATTORNEY OR ADVISER TO ANY OTHER PARTY HAS
IMPOSED ANY LIMITATION THAT PROTECTS THE

CONFIDENTIALITY OF ANY SUCH ATTORNEY'S OR ADVISER'S TAX STRATEGIES (REGARDLESS OF WHETHER SUCH LIMITATION IS LEGALLY BINDING) UPON DISCLOSURE BY THE ACKNOWLEDGING PARTY OF THE TAX TREATMENT OR TAX STRUCTURE OF ANY TRANSACTION, INCLUDING ANY TRANSACTION CONTEMPLATED BY THIS AGREEMENT.

(l) <u>Settlement Class Payments Do Not Give Rise to Additional Benefits</u>:  All Settlement Class Payments to individual Settlement Class Members and PAGA Settlement Payments to individual PAGA Employees shall be deemed to be paid to such Settlement Class Members and PAGA Employees solely in the year in which such payments actually are received by the Settlement Class Members and PAGA Employees.  It is expressly understood and agreed that the receipt of such Settlement Payments will not entitle any Settlement Class Member or PAGA Employee to additional compensation or benefits under any company bonus, contest or other compensation or benefit plan or agreement in place during the period covered by the Settlement, nor will it entitle any Settlement Class Member or PAGA Employee to any increased retirement, 401(k) benefits or matching benefits or deferred compensation benefits. Defendant will not modify the Settlement Class Members' or PAGA Employees' previously credited hours of service or other eligibility criteria under any employee pension benefit plan or employee welfare plan sponsored by Defendant and/or any of the Released Parties, unless otherwise required by law. Rather, it is the Parties' intention that this Agreement will not affect any rights, contributions, or amounts to which any Class Members or PAGA Employees may be entitled under any benefit plans, and that the Settlement Class Members and PAGA Employees are not entitled to any new or additional compensation or benefits as a result of having received the Settlement Payments (notwithstanding any contrary language or agreement in any benefit or compensation plan document that might have been in effect during

the period covered by this Settlement).

(m) Attorney's Fees and Costs:   In consideration for settlement of the Action and the Release described in Paragraph 77 and its subparts herein, Defendant will not oppose Class Counsel's application to the Court for attorney's fees not to exceed 33 1/3% of the Gross Settlement Amount ($163,317.00) and reimbursement of litigation costs and expenses not to exceed $15,000.00. Any attorneys' fees and litigation costs and expenses awarded by the Court shall be paid from the Gross Settlement Amount, and except for this award, Defendant shall have no further obligation to pay any attorneys' fees, costs or expenses to Plaintiff, any Settlement Class Member, or Class Counsel.

(n) Service Payment:  In exchange for the general Release described in Paragraph 73 herein, Defendant will not oppose Class Counsel's application to the Court for Service Payment of up to $15,000.00 to Plaintiff for his service as a Class Representative. The amount of any Service Payment will be set by the Court in its discretion, and any Service Payment awarded by the Court shall be paid out of the Gross Settlement Amount. It is understood that the Service Payment is in addition to the Plaintiff's share of the Net Settlement Amount to which Plaintiff is entitled along with the other Class Members and PAGA Employees. Plaintiff shall not request exclusion from or object to the Settlement.  The Settlement Administrator shall issue the Service Payment to Plaintiff at the same time it issues the Settlement Payments to the Settlement Class Members and PAGA Employees. The Settlement Administrator (and not Defendant) will issue an IRS Form 1099 to Plaintiff reflecting the Service Payment. Plaintiff will be solely and legally responsible for correctly characterizing this compensation on personal income tax returns for tax purposes and for paying any taxes on the Service Payment.  Plaintiff will indemnify and hold Defendant harmless from any claim or liability for taxes, penalties, or interest arising as a result of this Service Payment. In exchange for this Service Payment, Plaintiff hereby agrees to the

1    Release set forth in Paragraph 73 herein, agrees not to publicize the settlement

2    beyond what is required or expressly approved by the Court, agrees to respond to

3    any inquiry regarding the settlement only by referring the inquiry to Class

4    Counsel and saying nothing further, unless otherwise required by law. Should the

5    Court approve a Service Payment in an amount less than $15,000.00, Plaintiff

6    shall not have the right to revoke this Agreement and the difference between the

7    lesser amount approved by the Court and $15,000.00 shall be added to the Net

8    Settlement Amount.  In the event of any appeal of the amount of the Service

9    Payment (if any) approved by the Court, if, after the exhaustion of any such

10    appellate review, additional amounts not awarded to Plaintiff shall be added to

11    the Net Settlement Amount to be distributed to the Settlement Class Members.

12    (o) <u>PAGA Penalty Payment</u>: The PAGA Penalty Payment shall be paid from the

13    Gross Settlement Amount in satisfaction of Plaintiff's claims for civil penalties

14    under PAGA. The Settlement Administrator will issue the PAGA Penalty

15    Payment to the LWDA at the same time it issues Settlement Payments to the

16    Settlement Class.

17    (p) <u>Settlement Administrator and Settlement Administration Costs</u>:  The Settlement

18    Administrator will be Phoenix Settlement Administrators, or such Settlement

19    Administrator as may be mutually agreeable to the Parties and approved by the

20    Court. Settlement Administration Costs will be paid from the Gross Settlement

21    Amount. Settlement Administration Costs are estimated to be $12,500.00 for

22    expenses including, but not limited to printing, distributing, and tracking forms

23    for this Settlement, calculating estimated amounts per Class Member, tax

24    reporting, distributing the Net Settlement Amount to Settlement Class Members

25    and PAGA Employees, distributing Court-approved attorneys' fees and litigation

26    costs to Class Counsel, distributing the PAGA Allocation to the LWDA, and

27    providing necessary reports and declarations, and other duties and responsibilities

28    set forth herein to process this Settlement, as requested by the Parties. The costs

1    of the Settlement Administrator for work done shall be paid regardless of the

2    outcome of this Settlement. To the extent that Settlement Administration Costs

3    are ultimately less than the amount of the quote provided by the selected

4    Settlement Administrator, the remainder shall become part of the Net Settlement

5    Amount.

6    (q) <u>Funding of Settlement Account</u>:    Within fifteen (15) business days of the

7    Effective Date of the Settlement, Defendant shall make a one-time deposit into

8    the QSF created by the Settlement Administrator the Gross Settlement Amount.

9    Upon Defendant's transfer of the Gross Settlement Amount to the QSF,

10    Defendant, the Released Parties and Defendant's Counsel shall have no further

11    monetary liability or financial responsibility to Class Counsel, Plaintiff,

12    Settlement Class Members, the Settlement Administrator, or any vendors or third

13    parties employed by Plaintiff, Class Counsel, and/or the Settlement Administrator

14    in connection with the Action. Defendant shall not be obligated to make any

15    payments contemplated by this Agreement unless and until the Court enters the

16    Final Approval Order and Final Judgment, and after the Effective Date of the

17    Agreement.

18    (r) <u>Distribution of Gross Settlement Amount:</u> No later than seven (7) business days

19    after deposit of the payment into the QSF, the Settlement Administrator will mail

20    each Settlement Class Member their share of the Settlement Payments, the

21    payment for the attorneys' fees and litigation costs and expenses to Class

22    Counsel, any Service Payment to Plaintiff, the PAGA Penalty Payment to the

23    LWDA, and will pay itself the Settlement Administration Costs.

24    (s) <u>Notice of Settlement</u>:    The Settlement Administrator will mail each Class

25    Member will be mailed a notice setting forth the material terms of the proposed

26    Settlement, along with instructions about how to object or request exclusion from

27    the proposed class action Settlement ("Notice"). For each Class Member, the

28    Settlement Administrator will include on the Notice pre-printed information,

based on Defendant's records, stating the Class Member's Covered Work Months during the Class Period, any PAGA Pay Periods during the PAGA Period, and the estimated total Settlement Payment under the Settlement, including the Settlement Class Payment and the PAGA Settlement Payment that will be distributed irrespective of any Requests for Exclusion. The pre-printed information based on Defendant's records shall be presumed to be correct. A Class Member may dispute the pre-printed information on the Notice as to his/her/their Covered Work Months during the Class Period and/or PAGA Pay Periods during the PAGA Period, as set forth in Paragraph 61(v) herein. Class Members must submit any dispute regarding the information on the Notice as to his/her/their Covered Work Months and/or PAGA Pay Periods within the Response Deadline.

(t)  <u>Settlement Notice Language</u>:  The Notice will issue in English.

(u)  <u>Class Members Cannot Exclude Themselves from the Released PAGA Claims</u>: Class Members submitting a Request for Exclusion will nevertheless receive their pro-rata share of the PAGA Settlement Payment. If the Court approves the compromise of the PAGA Claim, all Class Members are bound by the Court's resolution of that Claim. Plaintiff shall serve a notice of settlement on the LWDA at or before the time Plaintiff files the motion for preliminary approval.

(v)  <u>Disputes Regarding Class Data</u>. Class Members may dispute their Covered Work Months and/or PAGA Pay Periods if they feel they were employed more work months in the Class Period and/or PAGA Pay Periods in California than Defendant's records show by timely submitting evidence to the Settlement Administrator. Each Class Member is responsible for maintaining a copy of any documents sent to the Settlement Administrator and a record of proof of mailing. Defendant's records will be presumed determinative absent reliable evidence to rebut Defendant's records, but the Settlement Administrator will evaluate the evidence submitted by the Class Member and provide the evidence submitted to

1    Class Counsel and Defendant's Counsel who agree to meet and confer in good

2    faith about the evidence to determine the Class Member's actual number of

3    Covered Workweeks and/or PAGA Pay Periods and estimated share of the Net

4    Settlement Amount. If Class Counsel and Defendant's Counsel are unable to

5    agree, they agree to submit the dispute to the Settlement Administrator to render

6    a final decision. Class Members will have until the Response Deadline to dispute

7    Covered Work Months and/or PAGA Pay Periods. Information or documents

8    submitted after the expiration of the Response Deadline will not be considered by

9    the Settlement Administrator, unless otherwise agreed to by the Parties. In the

10   event that the Settlement Administrator increases the number of Covered Work

11   Months and/or PAGA Pay Periods for any Class Member, then the Settlement

12   Administrator will recalculate each Settlement Class Member's share of the Net

13   Settlement Amount; accordingly, in no event will Defendant be required to

14   increase the Gross Settlement Amount.

15   (w) Right of Class Member to Request Exclusion from the Settlement:  Any Class

16   Member, other than Plaintiff, may request to be excluded from settlement of the

17   Class Claims by submitting a "Request for Exclusion" to the Settlement

18   Administrator, postmarked on or before the Response Deadline at the address set

19   forth in the Notice. Requests for Exclusion must: (1) contain the name, address,

20   telephone number, last four digits of the Class Member's Social Security

21   Number, and the signature of the Class Member requesting exclusion; (2) clearly

22   state that the Class Member does not wish to be included in the Settlement; (3)

23   be returned by mail to the Settlement Administrator at the specified address; and,

24   (4) be postmarked on or before the Response Deadline. The date of the postmark

25   on the return mailing envelope shall be the exclusive means to determine whether

26   a Request for Exclusion has been timely submitted. A Request for Exclusion will

27   be timely only if made in accordance with the terms set forth herein and

28   postmarked by the Response Deadline. The Settlement Administrator shall

provide any Requests for Exclusion to Class Counsel and Defendant's Counsel within three (3) calendar days of receipt, and the Settlement Administrator shall attach the same to its declaration of due diligence it files with the Court prior to the final approval hearing. Any Class Member who timely requests exclusion in compliance with these requirements: (i) will not have any rights under this Agreement with respect to the Class Claims, including the right to object, appeal, or comment on the Settlement; (ii) will not be entitled to receive any payments under this Agreement with respect to Class Claims; and (iii) will not be bound by this Agreement, or the Judgment, with respect to the Class Claims. Any Class Member who does not request exclusion from the Settlement, regardless of whether they cash their settlement check, will be bound by all terms of the Settlement, including those pertaining to Released Class Claims, Released Parties, as well as any Judgment that may be entered by the Court if it grants final approval of the Settlement. PAGA Employees will receive their share of the PAGA Settlement Payment and will be deemed to have released the PAGA Released Claims regardless of whether they opt-out from the settlement of Class Claims. PAGA Employees may not opt out or otherwise request exclusion from the settlement of PAGA Claims.

(x) Right of Settlement Class Member to Object to The Settlement:  PAGA Employees may not object to the Settlement with respect to the PAGA Claims. However, any Settlement Class Member, other than Plaintiff, may object to the Settlement with respect to the Class Claims.  To object, the Settlement Class Member may (1) appear in person at the Final Approval Hearing to explain any objection, (2) have an attorney object for the Class Member, *or* (3) must submit a simple written brief or statement of objection to the Settlement Administrator, postmarked on or before the Response Deadline at the address set forth in the Notice. If any Settlement Class Member chooses to submit a written objection, the written objection should contain sufficient information to confirm the identity

of the Objecting Settlement Class Member and the basis of the objection, including (1) the full name of the Objecting Settlement Class Member; (2) the signature of the Objecting Settlement Class Member; (3) the grounds for the objection, as well as any documentation or evidence in support thereof; and (4) if the Objecting Settlement Class Member is represented by counsel, the name and address of his/her/their counsel. Any objection must be postmarked within the Response Deadline to permit adequate time for processing and review by the Parties of the written statement or objection. The Settlement Administrator shall provide objections, if any, to Class Counsel and Defendant's Counsel within three (3) calendar days of receipt, and the Settlement Administrator shall attach the same to its declaration of due diligence it files with the Court prior to the final approval hearing. Any Settlement Class Member who files an objection remains eligible to receive his/her/their share of the Settlement Class Payment. If a Class Member timely submits both an objection and a Request for Exclusion, the objection will be considered invalid. Settlement Class Members also have the right to appear at the final approval hearing to state any objection. Neither Plaintiff nor Defendant shall be responsible for any fees, costs, or expenses incurred by any Class Member and/or his/her/their counsel related to any objections to the Settlement.

(y) <u>Failure to Object</u>. Any Class Member who does not submit a timely and valid objection will be foreclosed from making any objections (by appeal, or otherwise) to the Settlement.

(z) <u>Responses to Objections</u>. Class Counsel and Defendant's Counsel may file responses to any written objections submitted to the Court.

## THE SETTLEMENT ADMINISTRATOR'S PRIMARY DUTIES

62.    Subject to the Court's approval, and subject to reconsideration by the Parties after a competitive bidding process, the Parties have agreed to the appointment of Phoenix Settlement Administrators to perform the customary duties of Settlement Administrator, including mailing the

1    Notice to the Class Members, using standard devices to obtain forwarding addresses, independently

2    reviewing and verifying documentation associated with any Requests for Exclusion and objections,

3    resolving any disputes regarding the calculation or application of the formula for determining each

4    Class Member's Settlement Payment, establishing QSF, drafting and mailing the settlement checks

5    to Settlement Class Members, issuing Forms 1099, reporting to taxing authorities, due diligence,

6    reporting and remittance obligations, and performing such other tasks as set forth herein or as the

7    Parties mutually agree or that the Court orders. The Settlement Administrator shall also be

8    responsible for: (a) calculating each Class Member's Individual Settlement Payment; (b) remitting

9    to applicable government agencies sufficient amounts, if any, as may be owed by Settlement Class

10    Members for applicable employee taxes; (c) calculating the employer's share of payroll taxes due,

11    if any; (d) remitting such payroll taxes to the appropriate taxing authorities, if any; (e) issuing to

12    Plaintiff, Settlement Class Members and Class Counsel any Forms 1099 and/or other tax forms as

13    may be required by law for all amounts paid pursuant to this Agreement; (f) setting up all necessary

14    tax accounts; (g) preparing and sending all tax notices, and (h) forwarding all payroll taxes, notices,

15    and penalties to the appropriate government authorities.

16        63.    The Settlement Administrator will independently review the Covered Work Months

17    attributed to each Class Member and PAGA Pay Periods attributed to each PAGA Employee based

18    on the records provided by Defendant, and will calculate the estimated amounts due to each Class

19    Member and each PAGA Employee, as well as the actual amounts due to each Settlement Class

20    Member in accordance with this Settlement. The Settlement Administrator shall report, in summary

21    or narrative form, the substance of its findings.

22        64.    Within ten (10) business days of the close of the Response Deadline, the Settlement

23    Administrator will provide to Class Counsel and Defendant's Counsel a final report identifying all

24    objections and Requests for Exclusion. The Settlement Administrator shall provide counsel for the

25    Parties, at least twenty-five (25) calendar days prior to the final approval hearing, a declaration of

26    due diligence and proof of mailing with regard to the mailing of the Notice.

27        65.    Any and all disputes relating to the Settlement Administrator's performance of its

28    duties shall be referred to the Court, if necessary, which will have continuing jurisdiction pursuant

1    to California Code of Civil Procedure § 664.6 over the terms and conditions of this Settlement until

2    all payments and obligations contemplated by this Settlement have been fully carried out. Prior to

3    presenting any issue to the Court, counsel for the Parties will confer in good faith to resolve the

4    dispute without the necessity of Court intervention.

5         66.    Without prejudice to any other remedies, the Settlement Administrator shall agree to

6    be responsible for any breach of its obligations (whether committed by the Settlement

7    Administrator or its agents) and to indemnify and hold the Parties and their counsel harmless from

8    and against all liabilities, claims, causes of action, costs and expenses (including legal fees and

9    expenses) arising out of any breach committed by the Settlement Administrator or its agents.

10   **ATTORNEY'S FEES AND COSTS**

11        67.    In consideration for settlement of the Action and the Release described in Paragraph

12   77 and its subparts herein, Defendant will not object to Class Counsel's application to the Court for

13   attorney's fees not to exceed 33.33% of the Gross Settlement Amount ($163,317.00 of

14   $490,000.00) and litigation costs not to exceed $15,000.00. The amounts set forth above will cover

15   all work performed and all fees and costs incurred by Class Counsel to date, and all work to be

16   performed and all fees and costs to be incurred by Class Counsel in connection with the approval

17   by the Court of this Settlement and administration of the Settlement.

18        (a)  Class Counsel will submit an application for attorneys' fees and litigation costs

19             to the Court for approval prior to the date of the hearing for final approval of the

20             Settlement. The ultimate amount of any award for attorneys' fees and litigation

21             costs is to be determined by the Court, and Defendant is not agreeing to pay any

22             specific amount(s) other than the amount(s) awarded by the Court. The

23             Settlement Administrator (and not the Defendant) shall issue an IRS Form 1099

24             to Class Counsel reflecting the awarded attorneys' fees and costs.

25        (b)  Should Class Counsel request a lesser amount and/or the Court approve a lesser

26             amount(s) of attorney's fees and/or litigation costs, the difference between the

27             lesser amount(s) and the maximum amount of $163,317.00 for attorneys' fees

28             and $15,000.00 for litigation costs shall be added to the Net Settlement Amount.

As with the Settlement Payments to the Settlement Class, the attorney's fees and costs approved by the Court shall be paid to Class Counsel, within seven (7) business days after Defendant deposits the Gross Settlement Amount into the QSF.

(c) The Parties agree that, over and above the total amount of the attorneys' fees and litigation costs awarded to Class Counsel by the Court, Plaintiff and Defendant shall each bear his/its own fees and costs incurred by his/it or arising out of this Action; the negotiation, execution, or implementation of this Settlement; and/or the process of obtaining, administrating or challenging any Preliminary Approval Order, Final Approval, and/or Judgment. The Parties will not seek reimbursement of any such fees and/or costs from any party to this Agreement or any of the Released Parties.

(d) Any order, finding, ruling, holding or proceeding relating to any such applications for attorneys' fees and litigation costs, or any separate appeal from any separate order, finding, ruling, holding, or proceeding relating to them or reversal or modification of them, shall not operate to terminate or cancel this Settlement. The award of an attorneys' fees and costs award in the amounts sought is not a material term of this Agreement and the award of any of these items at less than requested by Class Counsel does not give rise to a basis to abrogate this Agreement.

(e) In the event that the Court awards less than 33.33% of the Gross Settlement Amount for attorney's fees, Class Counsel shall retain the right to appeal that portion of any Final Approval Order and Judgment. While Class Counsel retains the right to appeal any such reductions, such appeal will delay Defendant's obligation to make all payments set forth in this Agreement. If, after the exhaustion of any such appellate review, additional amounts not awarded to as attorneys' fees and litigation costs and expenses shall be added to the Net Settlement Amount to be distributed to Settlement Class Members.

(f) All claims for attorneys' fees and costs that Class Counsel, Plaintiff, the Settlement Class Members and the PAGA Employees may possess against Defendant have been compromised and resolved in this Settlement and shall not be affected by any appeal that Class Counsel may file.

(g) Class Counsel shall be solely responsible for the division and distribution of any and all Court-approved attorneys' fees and litigation costs between or among Class Counsel and any other attorney representing or claiming to represent Plaintiff, any other Class Member and/or any other PAGA Employee. Class Counsel agrees to release Defendant and the Released Parties from any responsibility for or liability arising out of or related to the division and distribution of any Court-approved attorneys' fees and litigation costs.

**THE NOTICE PROCESS**

68.    A Notice in approximately the form attached hereto as Exhibit "A," and as approved by the Court, shall be sent by the Settlement Administrator to the Class Members by first class mail. Any returned envelopes from this mailing with forwarding addresses will be utilized by the Settlement Administrator to forward the Notices to the Class.

(a) Within twenty-one (21) calendar days from the Preliminary Approval Date, Defendant shall provide to the Settlement Administrator in a readable Microsoft Office Excel spreadsheet the Class List and Data based on Defendant's payroll and other business records. The Class List and Data provided to the Settlement Administrator will not be provided to Class Counsel and it will remain confidential, it shall be used solely to administer the Settlement, and it will not be used or disclosed to anyone, except as required by applicable tax authorities, pursuant to Defendant's express written consent, or by order of the Court. The Settlement Administrator will run a check of the Class Members' addresses against those on file with the U.S. Postal Service's National Change of Address List; this check will be performed only once per Class Member by the Settlement Administrator.

(b) Within ten (10) calendar days after the Class List and Data is provided to the Settlement Administrator, the Settlement Administrator will mail the Notices to the Class Members by First Class United States mail.

(c) It will be conclusively presumed that if an envelope has not been returned within thirty (30) days of the mailing that the Class Member received the Notice.

(d) Notices returned to the Settlement Administrator as non-deliverable on or before the initial Response Deadline shall be resent to the forwarding address, if any, on the returned envelope. A returned Notice will be forwarded by the Settlement Administrator any time that a forwarding address is provided with the returned mail. If there is no forwarding address, the Settlement Administrator will do a computer search for a new address using the Class Member's social security number or other information. In any instance where a Notice is re-mailed, that Class Member will have until the extended Response Deadline as described in Paragraph 41 herein. A letter prepared by the Settlement Administrator will be included in the re-mailed Notice in that instance, stating the extended Response Deadline. Upon completion of these steps by the Settlement Administrator, Defendant and the Settlement Administrator shall be deemed to have satisfied their obligations to provide the Notice to the affected Class Member. The affected Class Member shall remain a member of the Settlement Class and shall be bound by all the terms of the Settlement and the Court's Order and Final Judgment.

(e) Class Counsel shall provide to the Court, a declaration by the Settlement Administrator of due diligence, number of exclusions, objections, disputes, and confirming mailing of the Notices attached with the motion for final approval.

**DISPOSITION OF SETTLEMENT PAYMENTS AND UNCASHED CHECKS**

69.    Upon receipt of Gross Settlement Amount from Defendant, the Settlement Administrator will issue and send out the Settlement Payment checks to the Class Members as provided herein. Settlement Class Payments and PAGA Payments may be combined into one check.

1    Settlement Payment checks shall remain valid and negotiable for 180 calendar days from the date

2    of their issuance. Settlement Payment checks will automatically be cancelled by the Settlement

3    Administrator if they are not cashed, deposited or otherwise negotiated by the Class Member within

4    that time. Settlement Payment checks which have expired will not be reissued. In the event that any

5    settlement check is returned to the Settlement Administrator within 180 days of mailing, the

6    Settlement Administrator will, within five (5) business days of receipt of the returned settlement

7    check, perform a skip trace to locate the individual. If a new address is located by these means, the

8    Administrator will have ten (10) business days to re-issue the check. The Settlement Administrator

9    shall provide notice to Class Counsel and Defendant's Counsel of any settlement checks remaining

10   un-cashed for more than 180 calendar days. Neither Defendant, Defendant's Counsel, Class

11   Counsel, Plaintiff, nor the Settlement Administrator will have any liability for lost or stolen

12   settlement checks, forged signatures on settlement checks, or unauthorized negotiation of settlement

13   checks. Without limiting the foregoing, in the event a Settlement Class Member notifies the

14   Settlement Administrator that he/she/they believe that a settlement check has been lost or stolen, the

15   Settlement Administrator shall immediately stop payment on such check. If the check in question

16   has not been negotiated prior to the stop payment order, the Settlement Administrator will issue a

17   replacement check.

18         70.    Funds from un-cashed or abandoned Settlement Payment checks, based on a 180-

19   day void date, shall be transmitted to the California State Controller's Office pursuant to California's

20   Unclaimed Property Law in the name of each Class Member who failed to cash their Settlement

21   Payment, which would permit any such Class Members to claim their checks at a later date.

22         71.    Upon completion of its calculation of Settlement Payments, the Settlement

23   Administrator shall provide Class Counsel and Defendant's Counsel with a report listing the

24   amounts of all payments to be made to Class Members (to be identified anonymously by employee

25   number or other identifier).  A declaration attesting to completion of all payment obligations will be

26   provided to Class Counsel and Defendant's Counsel and filed with the Court by Class Counsel.

27         72.    No person shall have any claim against Defendant, Defendant's Counsel, Plaintiff,

28   Class Counsel, or the Settlement Administrator based on mailings, distributions, payments, or

1  reports made in accordance with or pursuant to this Agreement. This provision does not, however,

2  prevent a Party from seeking enforcement of this Agreement.

3  **RELEASE BY CLASS REPRESENTATIVE**

4        73.    In addition to Class Representative's release of the Released Class Claims and

5  Released PAGA Claims, as discussed in Paragraph 77 herein, Class Representative does hereby

6  forever completely release and discharge the Released Parties from any and all charges, complaints,

7  claims, liabilities, obligations, promises, agreements, contracts, controversies, damages, actions,

8  causes of action, suits, rights, demands, costs, losses, debts, and expenses (including for back wages,

9  statutory penalties, civil penalties, liquidated damages, exemplary damages, interest, attorneys' fees,

10 and costs) of any nature whatsoever, from the beginning of time through the execution of this

11 Agreement, whether known or unknown, suspected or unsuspected, concealed or hidden, including

12 but not limited to all claims arising out of, based upon, or relating to Class Representative's

13 employment with Defendant or the remuneration for or termination of such employment

14 (collectively, the "Class Representative's Released Claims").

15       74.    Class Representative expressly waives and relinquishes all rights and benefits

16 afforded by Section 1542 of the Civil Code of the State of California and do so understanding and

17 acknowledging the significance of the waiver of Section 1542. Section 1542 of the Civil Code of

18 the State of California states:

19       A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR

20 OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER

21 FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM

22 OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH

23 THE DEBTOR OR RELEASED PARTY.

24       75.    Notwithstanding the provisions of Section 1542, and for the purpose of implementing

25 a full and complete release and discharge of all parties, Class Representative, and Class Counsel

26 expressly acknowledge that this Settlement Agreement is intended to include in its effect, without

27 limitation, all claims that Class Representative knew of, as well as all claims that he does not know

28 or suspect to exist in his favor against the Released Parties, or any of them, for the time period from

1  the beginning of time to the execution of this Settlement Agreement, and that this Settlement
2  Agreement contemplates the extinguishment of any such Class Representative's Released Claims.

3      76.    Notwithstanding anything in this Agreement to the contrary, nothing contained
4  herein shall constitute a waiver or release by Class Representative of any claim for workers'
5  compensation benefits or any other claim which cannot be legally waived. Nothing in this
6  Agreement prohibits Class Representative from reporting possible violations of federal or state law
7  or regulation to the government, including but not limited to the EEOC, Department of Justice,
8  Securities and Exchange Commission, Congress, and any agency inspector general, or filing a
9  charge with or participating in an investigation or proceeding conducted by the EEOC or a
10 comparable state or local agency (collectively, any such activity shall be referred to as a
11 "Government Report").

12 **RELEASE BY THE CLASS**

13      77.    The Parties agree that it is their intent that the terms set forth in this Agreement will
14 release any further attempt, by lawsuit, administrative claim or action, arbitration, demand, or other
15 action of any kind by each and all of the Settlement Class Members (including participation to any
16 extent in any class or collective action), to obtain a recovery arising out of each and all of the claims,
17 causes of action, demands, damages, penalties, and/or liabilities arising at any time during the Class
18 Period that were pled or which could have been pled based on the factual allegations contained in
19 the Complaint, as set forth in more detail in subparts (a) through (d) of this Paragraph 77 herein.
20 Upon the Effective Date of this Settlement, and except as to such rights or claims as may be created
21 by this Settlement, the Class Representative, the Class and each Class Member who has not
22 submitted a valid and timely Request for Exclusion as to Class Claims other than the PAGA Claims,
23 will release claims as follows:

24      (a)  <u>Release of Released Class Claims</u>. Upon the Effective Date of this Settlement,
25          Plaintiff and each Settlement Class Member will forever completely release and
26          discharge the Released Parties from the Released Class Claims. Each Settlement
27          Class Member will be deemed to have made this Release as if by manually
28          signing it. The Notice will advise all Settlement Class Members of the binding

nature of this Release and such Notice shall have the same force and effect as if the Agreement were executed by each Settlement Class Member. This Agreement may be pleaded by any Released Party as a full and complete defense to and may be used as the basis for an injunction against, any action, suit, or other proceeding that has been or may be instituted, prosecuted, or attempted, asserting any Released Class Claim.

(b) <u>Release of Released PAGA Claims</u>. Upon the Effective Date of this Settlement, Plaintiff, the LWDA, and each PAGA Employee will forever completely release and discharge the Released Parties from the Released PAGA Claims. Each PAGA Employee and the LWDA will be deemed to have made this Release as if by manually signing it. The Notice will advise all PAGA Employees of the binding nature of this Release and such Notice shall have the same force and effect as if the Agreement were executed by each PAGA Employee. This Agreement may be pleaded by any Released Party as a full and complete defense to and may be used as the basis for an injunction against, any action, suit, or other proceeding that has been or may be instituted, prosecuted, or attempted, asserting any Released PAGA Claim.

(c) <u>Binding Effect on Settlement Class Members</u>. Except for those Class Members who timely submit a Request for Exclusion as set forth in Paragraph 62(w) herein, all Class Members will:  (i) be deemed to be Settlement Class Members for all purposes under this Agreement; (ii) will be bound by the terms and conditions of this Agreement, the Judgment, and the Release set forth herein, regardless of whether they cash, deposit or negotiate their settlement checks within the 180-day period; and (iii) except as otherwise provided herein, will be deemed to have waived all objections and oppositions to the fairness, reasonableness, and adequacy of the Settlement.

(d) <u>Binding Effect on PAGA Employees and the LWDA</u>. The PAGA Released Claims are released by Class Representative in his representative capacity as

authorized proxy and agent for the State of California and the LWDA and as a private attorney general "aggrieved employee" acting on behalf of himself and all PAGA Employees. The Release of PAGA Released Claims will therefore be binding upon all PAGA Employees, regardless of whether they cash, deposit, or negotiate their settlement checks within the 180-day period.

**EMPLOYMENT BY DEFENDANT**

78.    Employment of Plaintiff by Defendant is not consideration for, or a condition of, this Settlement.

**DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL**

79.    The Parties shall submit this Agreement to the Court in support of Plaintiff's unopposed motion for preliminary approval for determination by the Court as to its fairness, adequacy, and reasonableness.  Upon execution of this Agreement, Plaintiff shall apply to the Court for the entry of an order:

(a) Scheduling a final approval and fairness hearing on the question of whether the proposed Settlement, including payment of attorney's fees and costs, and the Class Representative's Service Payment, should be finally approved as fair, reasonable, and adequate as to the members of the Class;

(b) Certifying a Class for purposes of the Settlement only;

(c) Approving as to form and content the proposed Notice;

(d) Directing the mailing of the Notice;

(e) Preliminarily approving the Settlement subject only to the objections of Class Members and final review by the Court;

(f) Conditionally appointing Plaintiff and Class Counsel as representatives of the proposed Class Members; and,

(g) Appointing Phoenix Settlement Administrators as the Settlement Administrator, and order the Settlement Administrator to issue Notices as outlined above.

80.    Defendant shall not oppose Plaintiff's motions for preliminary approval and final approval of the Settlement so long as the motions and supporting papers are consistent with the terms

1  of the Settlement Agreement. Class Counsel shall provide Defendant with five (5) business days to

2  review, and provide comments to the motions for preliminary and final approval and proposed

3  orders before they are filed with the Court.

4        81.    In accordance with section 2699(l)(2) of the California Labor Code, Plaintiff shall

5  provide a copy of this Settlement Agreement to the LWDA on or before the date Plaintiff files his

6  motion for preliminary approval of this Settlement with the Court.

7        82.    In the event the Court declines, on its first hearing, to approve this Agreement because

8  the PAGA Allocation is not adequate, then the Parties shall cooperate in good faith to reallocate the

9  total settlement proceeds, within the Gross Settlement Amount, to try to achieve Final Approval of

10  the Agreement upon any subsequent Court hearings.

11  **DUTIES OF THE PARTIES FOLLOWING FINAL COURT APPROVAL**

12        83.    In conjunction with the hearing of a motion for final approval by the Court of the

13  Settlement provided for in this Joint Stipulation of Settlement, Class Counsel will provide to

14  Defendant's Counsel for review and approval and then submit to the Court a proposed final order

15  and judgment containing provisions sufficient to accomplish the following:

16        (a) Approving the Settlement, adjudging the terms thereof to be fair, reasonable and

17        adequate, and directing consummation of its terms and provisions;

18        (b) Approving Class Counsel's application to the Court for an award of attorney's

19        fees and costs;

20        (c) Approving the Service Payment to the Class Representative;

21        (d) Adjudging the Settlement Administrator has fulfilled its initial notice and

22        reporting duties under the Settlement.

23        (e) Adjudging Plaintiff and Class Counsel may adequately represent the Final

24        Settlement Class for the purpose of entering into and implementing the

25        Agreement;

26        (f) Entering a final judgment in the action, thereby permanently barring all

27        Settlement Class Members from prosecuting any Released Class Claims against

28        any of the Released Parties and permanently barring all PAGA Employees and

1       the LWDA from prosecuting any Released PAGA Claims against any of the

2       Released Parties;

3   (g) Adjudging that notwithstanding the submission of any timely Requests for

4       Exclusion, Class Members are still bound by the Settlement and Release of the

5       Released PAGA Claims or remedies under the Judgment pursuant to *Arias v.*

6       *Superior Court*, 46 Cal. 4th 969 (2009), as requests to be excluded from the

7       Settlement do not apply to the Released PAGA Claims, and further affirms that

8       the State's claims for civil penalties pursuant to PAGA are also extinguished;

9   (h) Directing the mailing of the final judgment directly to the Settlement Class

10      Members along with their payments.  Any revised final judgments will also be

11      provided to Defendant's Counsel for review and approval before they are

12      submitted to the Court.

13      84.     In accordance with section 2699(l)(3) of the California Labor Code, Plaintiff shall

14  provide to the LWDA a copy of the Final Approval Order and Judgment entered by the Court in this

15  action within ten calendar (10) days after entry of the Final Approval Order and Judgment.

16  **NULLIFICATION AND TERMINATION**

17      85.     This Settlement will be null and void if any of the following occur: (a) the Court

18  should for any reason fail to certify a class for settlement purposes; (b) the Court should for any

19  reason fail to preliminarily or finally approve of this Settlement in the form agreed to by the Parties,

20  other than adjustments made to the attorney's fees and costs or granting of Service Payments; (c) the

21  Court should for any reason fail to enter the final judgment; (d) the final judgment is reversed,

22  modified, or declared or rendered void; or (e) the Effective Date does not occur for any reason.

23      86.     At Defendant's sole discretion, it shall have the right to withdraw from or rescind the

24  Settlement Agreement at any time prior to Final Approval if: (a) 10% or more of all Class Members

25  submit valid and timely Requests for Exclusion, provided that Defendant exercises this right of

26  rescission, in writing, to Plaintiff's counsel within fifteen (15) calendar days after Response Deadline

27  and the Settlement Administrator notifies the Parties of the total number of Requests for Exclusion;

28  or (b) the Settlement is construed by the Court in such a fashion that Defendant would be required

to pay more than the Gross Settlement Amount absent the escalation clause being invoked. The Parties will have the discretion to withdraw from or rescind the Settlement Agreement at any time prior to Final Approval if: (a) the Court does not approve the Settlement; (b) the Court does not certify the Settlement Class, does not certify a class releasing the claims set forth herein, or otherwise makes an order inconsistent with any of the terms of the Settlement Agreement; (c) any Party or their counsel breach any term in the Settlement Agreement, or (d) the LWDA or any other state or governmental agency seeks to intervene or commences an enforcement action. If this option is exercised by Defendant, Defendant shall be solely responsible for the costs incurred by the Settlement Administrator for the settlement administration.

87. The Parties enter into this Agreement on a conditional basis. If the Court does not enter the Final Approval Order and Judgment or the Effective Date does not occur, this Agreement shall be deemed null and void *ab initio*, and shall be of no force or effect whatsoever, the Parties shall be returned to their respective positions as if no settlement had been contemplated, and no party may use the fact that the Parties agreed to settle, or the terms provided herein as an admission, as evidence, or for any other purpose, including, without limitation, to prove any liability or the amount of any sum allegedly owed by any party.

88. In the event this Settlement is nullified or terminated as provided above: (i) this Settlement shall be considered null and void, (ii) neither this Settlement nor any of the related negotiations or proceedings shall have any force or effect and no party shall be bound by any of its terms, and (iii) all Parties to this Settlement shall stand in the same position, without prejudice, as if the Settlement had been neither entered into nor filed with the Court. Plaintiff and Class Counsel agree that Defendant retains and reserves all rights to challenge all causes of action alleged in the Action upon all procedural and factual grounds, as well as asserting any and all other potential defenses and/or privileges.

89. If the Settlement is voided or fails for any reason, Plaintiff and Defendant will have no further obligations under the Settlement, including any obligation by Defendant to pay the Gross Settlement Amount, or any amounts that otherwise would have been owed under this Settlement.

90. If the Settlement is voided or fails for any reason, any costs incurred by the Settlement

1    Administrator shall be borne equally by Defendant and Plaintiff, unless otherwise specified in this

2    Agreement.

3    **PARTIES' AUTHORITY AND WAIVER**

4         91.    The signatories hereto hereby represent that they are fully authorized to enter into this

5    Settlement and bind the Parties hereto to the terms and conditions thereof.

6         92.    The waiver by one Party of any breach of this Agreement by another Party shall not

7    be deemed a waiver of any other prior or subsequent breach of this Agreement.

8    **WAIVER OF APPEALS**

9         93.    The Parties agree to waive appeals and to stipulate to class certification for purposes

10   of implementing this Settlement only, with the exception that Class Counsel retains the right to

11   appeal the amount awarded as attorney's fees in the event that the Court awards less than 33.33% of

12   the Gross Settlement Amount as attorney's fees. Subject to the Preliminary Approval Order and

13   Final Approval, Plaintiff and all Class Members, except those Class Members who timely and

14   properly intervene or file a motion to vacate the Judgment, expressly waive the right to appeal.

15   **NO ADMISSION OF LIABILITY**

16        94.    Nothing contained herein, nor the consummation of this Settlement, is to be

17   construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of

18   Defendant.  Defendant denies each and all of the claims and contentions alleged by the Plaintiff in

19   the Action.  The Defendant has entered into this Settlement solely with the intention to avoid further

20   disputes and litigation with the attendant inconvenience and expenses.

21        95.    Whether or not the Court grants Final Approval, nothing contained herein, nor the

22   consummation of this Agreement, is to be construed or deemed an admission of liability, culpability,

23   negligence, or wrongdoing whatsoever on the part of Defendant or any of the other Released Parties.

24   This Settlement Agreement is a settlement document, and it, along with all related documents such

25   as the notices, and motions for preliminary and final approval, shall, pursuant to California Evidence

26   Code section 1152 and/or Federal Rule of Evidence 408, be inadmissible in evidence in any

27   proceeding, except an action or proceeding to approve the Settlement, and/or interpret or enforce

28   this Settlement Agreement. The stipulation for class certification as part of this Settlement

1  Agreement is for settlement purposes only and if, for any reason the Settlement is not approved, the

2  stipulation will be of no force or effect.

3  **MUTUAL FULL COOPERATION**

4  96.    The Parties agree to fully cooperate with each other to promote participation in the

5  Settlement and accomplish the terms of this Settlement including, but not limited to, execution of

6  such documents and taking such other action as reasonably may be necessary to implement the terms

7  of this Settlement.  The Parties and their counsel agree: (a) not to take any action to solicit or

8  encourage any Class Members to opt out of and/or object to the Settlement, and (b) not to discourage

9  any Class Members from cashing, depositing or otherwise negotiating their Settlement Payment

10 checks. The Parties will fully support this Agreement's approval and enforcement and will defend

11 the Agreement from any legal challenge.

12 97.    The Parties to this Settlement shall use their best efforts, including all efforts

13 contemplated by this Settlement and any other efforts that may become necessary by order of the

14 Court, or otherwise, to effectuate this Settlement and the terms set forth herein. As soon as

15 practicable after execution of this Settlement, Class Counsel shall, with the assistance and

16 cooperation of Defendant and Defendant's Counsel, take all necessary steps to secure the Court's

17 preliminary and final approval of this Settlement.

18 **NO PRIOR ASSIGNMENTS**

19 98.    The Parties and their respective counsel represent, covenant, and warrant that they

20 have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer,

21 or encumber to any person or entity any portion of any liability, claim, demand, action, cause of

22 action or rights herein released and discharged.

23 **ENFORCEMENT ACTIONS**

24 99.    In the event that one or more of the Parties to this Settlement institutes any legal action

25 or other proceeding against any other party or parties to enforce the provisions of this Settlement or

26 to declare rights and/or obligations under this Settlement, the successful party or parties shall be

27 entitled to recover from the unsuccessful party or parties reasonable attorney's fees and costs,

28 including expert witness fees incurred in connection with any enforcement actions.

**NOTICES**

100.   Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

Class Counsel:                          Counsel for Defendant:

SCHNEIDER WALLACE                       SHOOK, HARDY & BACON LLP
COTTRELL KONECKY LLP                    Mark C. Tatum (SBN 295457)
Carolyn H. Cottrell (SBN 166977)        Laura M. Booth (SBN 179857)
Esther L. Bylsma (SBN 264208)           5 Park Plaza, Suite 1600
Sandra Acosta Tello (SBN 315616)        Irvine, California 92614
300 S. Grand Ave., Suite 2700           Telephone: (949) 475-1500
Los Angeles, California 90017           Facsimile: (949) 475-0016
Telephone: (415) 421-7100
Facsimile: (415) 421-7105

W  EMPLOYMENT  LAW  GROUP,
APC
Jacob N. Whitehead (SBN 266123)
7700 Irvine Center Drive, Suite 930
Irvine, California 92618
Telephone:  (949) 674-4922

**CONSTRUCTION**

101.   The Parties hereto agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between the Parties, and this Settlement shall not be construed in favor of or against any party by reason of the extent to which any party or his, her or its counsel participated in the drafting of this Settlement. Plaintiff and Defendant expressly waive the common-law and statutory rule of construction that ambiguities should be construed against the drafter of an agreement and further agree, covenant, and represent that the language in all parts of this Agreement shall be in all cases construed as a whole, according to its fair meaning.

**CAPTIONS AND INTERPRETATIONS**

102.   Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement or any provision hereof.  Each term of this Settlement is contractual and not merely a recital.

**MODIFICATION**

103.   This Settlement may not be changed, altered, or modified, except in writing and signed by the Parties hereto, and approved by the Court.  This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

**INTEGRATION CLAUSE**

104.   This Settlement contains the entire agreement between the Parties relating to the Settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged herein.  No rights hereunder may be waived except in writing.

**NO KNOWLEDGE OF RELATED CASES**

105.   Neither the Parties nor their counsel are aware of any potentially related cases, or cases with partially or completely overlapping class definitions.

**BINDING ON ASSIGNS**

106.   This Settlement shall be binding upon and inure to the benefit of the Parties hereto and their respective spouses, domestic partners, marital community, children, estates, trusts, attorneys, heirs, successors, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, assigns, and representatives.

**CLASS COUNSEL SIGNATORIES**

107.   It is agreed that because the members of the Class are so numerous, it is impossible or impractical to have each member of the Class execute this Settlement.  The Notice will advise all Class Members of the binding nature of the Released Class Claims and Released PAGA Claims, and the release shall have the same force and effect as if this Settlement were executed by each member of the Class.

**COUNTERPARTS**

108.   This Settlement may be executed in counterparts and by electronic or facsimile signatures, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties. Electronic

1  signatures shall have the same force and effect as an original.

2  **CONFIDENTIALITY & PUBLIC COMMENT**

3        109.   Neither Plaintiff nor his counsel shall issue any press release or announcement of any

4  kind related in any way to the Settlement. Plaintiff and his counsel further agree that, prior to filing

5  the motion for preliminary approval of the Settlement, they will keep the terms of this Settlement

6  confidential. From and after the filing of the motion for preliminary approval of the Settlement,

7  Plaintiff and his counsel may: (1) as required by law; (2) as required under the terms of the

8  Settlement, or (3) as required under counsel's duties and responsibilities as Class Counsel, comment

9  regarding the specific terms of the Settlement. In all other cases, Plaintiff and his counsel agree to

10  limit their statements regarding the terms of the Settlement, whether oral, written or electronic

11  (including the world wide web), to say the Action has been resolved and that Plaintiff and his counsel

12  are satisfied with the Settlement terms. Nothing in this Paragraph 103 is intended to interfere with:

13  (i) Plaintiff from discussing this settlement with his spouse, attorneys, or tax advisors; (ii) Plaintiff's

14  Counsel from citing the Settlement as evidence supporting their competence as counsel in

15  representative wage/hour and/or class action matters in public court filings; or (iii)Plaintiff's

16  counsel's duties and obligations to faithfully discharge their duties as Class Counsel, including but

17  not limited to, communicating with the Settlement Class Members, the LWDA, or the Court

18  regarding the Settlement.

19  **FINAL JUDGMENT**

20        110.   The Parties agree that, upon final approval of the Settlement, final judgment of this

21  Action will be made and entered in its entirety.  The final judgment may be included in the Order

22  granting Final Approval of the Settlement.

23        IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Joint

24  Stipulation of Class Action and PAGA Representative Settlement Agreement and Release of Claims

25  between Plaintiff and Defendant as set forth below:

26        IT IS SO STIPULATED.

27  **Plaintiff & Class Representative:**

28

1    Dated: 05 / 17 / 2024

2                                        By: _____
                                              MATTHEW MOREL

3    **Defendant:**

4

5    Dated: _____         HNTB CORPORATION

6                                        By: _____
                                                  Name/Title

7

8                                        _____
                                                  Signature

9

10

11   **APPROVED AS TO FORM:**

12

13   Dated: ___May 17, 2024___        _____
                                       **SCHNEIDER WALLACE COTTRELL**

14                                     **KONECKY LLP**
                                       Carolyn H. Cottrell

15                                     Esther L. Bylsma
                                       Sandra Acosta Tello

16                                     Attorneys for Plaintiff and the Class

17

18

19

20   Dated: ___May 17, 2024___        _____
                                       **W EMPLOYMENT LAW GROUP, APC**

21                                     Jacob N. Whitehead

22                                     Attorneys for Plaintiff and the Class

23

24

25   Dated: _____         _____
                                       **SHOOK, HARDY & BACON L.L.P.**

26                                     Mark C. Tatum

27                                     Laura M. Booth
                                       Attorneys for Defendant

28

---

1 Dated: 05 / 17 / 2024

By: _____

2

MATTHEW MOREL

3 **Defendant:**

4

5 Dated:  May 27, 2024

HNTB CORPORATION

6

By: George E. Wolf , SVP & General Counsel
Name/Title

7

8 _____
Signature

9

10

11 **APPROVED AS TO FORM:**

12

13 Dated: May 17, 2024 _____

**SCHNEIDER WALLACE COTTRELL**
**KONECKY LLP**

14

Carolyn H. Cottrell

15

Esther L. Bylsma

16

Sandra Acosta Tello
Attorneys for Plaintiff and the Class

17

18

19

20 Dated:_____

**W EMPLOYMENT LAW GROUP, APC**

21

Jacob N. Whitehead

22

Attorneys for Plaintiff and the Class

23

24

25 Dated:  May 23, 2024 _____

**SHOOK, HARDY & BACON L.L.P.**

26

Mark C. Tatum

27

Laura M. Booth
Attorneys for Defendant

28

# EXHIBIT A

### NOTICE OF PENDENCY OF CLASS ACTION AND PAGA REPRESENTATIVE SETTLEMENT
*Matthew Morel v. HNTB Corporation*
**United States District Court for the Southern District of California**
**Case No. 3:22-cv-00408-AJB-AHG**

**To: all individuals who performed work in for Defendant HNTB Corporation ("HNTB") in the State of California at any time between March 1, 2020 and May 1, 2024 (the "Class"):**

THIS NOTICE is of a proposed settlement of a class action lawsuit, and an announcement of a court hearing that you may choose to attend. Your rights may be affected by the legal proceedings in this action. The Court will conduct a hearing on _____, 2024 to address whether the proposed settlement should be approved (the "Final Approval Hearing"). You may be entitled to receive a payment under the terms of this settlement contained in the Joint Stipulation of Class Action and PAGA Representative Action Settlement Agreement and Release of Claims (the "Settlement" or "Agreement").

**[CLASS MEMBER IDENTIFYING INFORMATION]**

A Settlement has been reached between Matthew Morel ("Plaintiff" or "Class Representative") and HNTB in an action pending in the United States District Court, Southern District of California (the "Court"). Plaintiff is pursuing this action on behalf of himself and all individuals who performed work for HNTB in any capacity at any time during the Class Period (the "Class" or "Class Members"). The "Class Period" is March 1, 2020 through May 1, 2024. Plaintiff is also pursuing the action on behalf of himself, the State of California, and all individuals who performed work for HNTB in any capacity at any time during the PAGA Period ("PAGA Employees") seeking civil penalties pursuant to the Private Attorneys' General Act of 2004, California Labor Code section 2698 et seq. ("PAGA"). The "PAGA Period" is August 2, 2020 through May 1, 2024.

You are receiving this notice because you have been identified as a Class Member and a "PAGA Employee." Under the terms of the proposed Settlement you are estimated to receive approximately $**INSERT AMOUNT** as your share of the Net Settlement Amount should the Court grant approval of the Settlement in full. Please note that this is only an estimate. Your actual share of the Net Settlement Amount may be more or less than this estimate. As discussed in more detail in Section IV, your estimate is based on the number of eligible months you worked at HNTB during the Class Period as compared to months worked by all Class Members during this Class Period. Your options and eligibility requirements for receiving payments are described below.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | If you want to receive your settlement payment, then no further action is required on your part. You will automatically receive your settlement payment from the Settlement Administrator if the Settlement receives final approval by the Court. You will be bound by the terms of the Settlement Agreement and will give up your right to sue on the Released Class Claims described in Section IV. |
| **EXCLUDE YOURSELF** | If you do not wish to participate in the Settlement, you may "opt-out" of the Settlement. If you choose to opt-out, you must submit a Request for Exclusion by _____, 2024 (see Section V for more details on how to opt-out). If you opt-out, you will no longer be a Class Member, and you will <u>not</u> receive any settlement payment, but you will preserve your right to pursue the Released Class Claims described in Section IV subject to applicable statutes of limitations, and (2) be barred from filing an objection to the Settlement. However, you may *not* exclude yourself from being a PAGA Employee. As such, if you are entitled to any payment under PAGA (as detailed on page 4), you are releasing your PAGA Claims, and you will receive your portion of the PAGA Settlement Payment, even if you exclude yourself from being a Settlement Class Member. |
| **OBJECT** | If you decide to object to the Settlement because you find it unfair or unreasonable, you must submit an objection stating why you object to the Settlement by _____, 2024 (see Section V for more details on how to object). |
| **DISPUTE YOUR NUMBER OF WORK MONTHS OR PAY** | If you believe that your number of Work Months or Pay Periods listed above are incorrect, you may contact the Settlement Administrator to dispute your Work Month or Pay Period |

1

| PERIODS | calculation (see Section IV for more details on how to dispute your Work Months or Pay Periods). Defendant's records will be presumed correct, but you may provide evidence to the Settlement Administrator showing that your Work Month and Pay Period calculations are inaccurate. |
|---|---|

## I.  Why should I read this Notice?

The Court has granted preliminary approval of the proposed Settlement in *Morel v. HNTB,* United States District Court, Southern District of California, Case No. 3:22-cv-00408-AJB-AHG (the "Lawsuit").  Because your rights may be affected by the Settlement, it is important that you read this notice carefully.  HNTB's records show that you were employed in California at some point during the Class Period.  The Court ordered this Notice be sent to you because you may be entitled to money under the Settlement and because the Settlement affects your legal rights.

***NO ACTION NEEDS TO BE TAKEN TO RECEIVE MONEY UNDER THE SETTLEMENT***:  If you were employed by HNTB in California at any time during the Class Period, you are automatically included in the Settlement and <u>do not need to take any further action to receive a payment</u>.

The purpose of this Notice is to provide you with a brief description of the Lawsuit, to inform you of the terms of the proposed Settlement, and to discuss your rights and options in connection with the Lawsuit and the Settlement.

## II.  What is this lawsuit about?

On February 23, 2022, Plaintiff and Class Representative Matthew Morel, through his attorneys ("Class Counsel"), filed a class action complaint against HNTB for alleged wage and hour violations on behalf of all current and former employees who were employed by HNTB in California at any time since March 1, 2020.  Plaintiff alleges that HNTB violated the Labor Code by failing to properly and adequately reimburse business expenses.  On December 5, 2022, Plaintiff amended his complaint to allege penalties for the wage and hour violations under the Labor Code Private Attorneys General Act of 2004 ("PAGA").

HNTB has denied, and continues to deny, the factual and legal allegations in the Lawsuit and maintains that it has complied with all laws.  HNTB believes that it has valid defenses to Plaintiff's claims, and denies that it owes business reimbursements, restitution, penalties, or other damages to any of its current and/or former employees for the conduct alleged in the Lawsuit.  By agreeing to settle, HNTB is not admitting liability on any of the factual allegations or claims in the case or that the case can or should proceed as a class action.  To the contrary, this Settlement constitutes a compromise of disputed claims.

The Court has not ruled on the merits of Plaintiff's claims or whether the Lawsuit is suitable for treatment as a class and/or representative action.  And, by approving the Settlement and issuing this Notice, the Court is not suggesting which side would win or lose this case if it went to trial.  However, to avoid additional expense, inconvenience, and risks of continued litigation, HNTB and Plaintiff have concluded that it is in their respective best interests and the interests of the Settlement Class to settle the Lawsuit on the terms summarized in this Notice.  After providing extensive information to Class Counsel, the Settlement was reached following an arm's length settlement conference.  In these negotiations, both sides recognized the substantial risk of the Court deciding against them at trial and determined that the proposed Settlement was a good option to resolve the disputed claims.

The Class Representative and Class Counsel support this Settlement.  Among the reasons for their support are the defenses to liability potentially available to HNTB, the risk of denial of class certification, the inherent risk of trial on the merits, and the delays and uncertainties associated with litigation.  HNTB agreed to and supports this Settlement in order to avoid the cost and business disruption associated with lengthy litigation.

**If you are still employed by HNTB, this Settlement will not affect your employment**.  **California law strictly prohibits unlawful retaliation.**  Further, HNTB will not take any adverse action against or otherwise target, retaliate, or discriminate against any Class Member because of the Class Member's participation or decision not to participate in this Settlement.  If a Class Member does not participate, his/her/their share will be paid to those who do participate.

| III.  Who are the Class Members' attorneys? |
|---|

**Attorneys for the Class Members:**

Carolyn H. Cottrell, Esq.
*ccottrell@schneiderwallace.com*
Esther L. Bylsma, Esq.
*ebylsma@schneiderwallace.com*
Sandra Acosta Tello, Esq.
*sacostatello@ schneiderwallace.com*
Schneider Wallace Cottrell Konecky, LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Tel: (415) 421-7100

| IV.  What are the terms of the Settlement? |
|---|

On [PA DATE], the Court granted preliminary approval of the Settlement. Class Members who do not opt out of the Settlement (the "Settlement Class"), pursuant to the procedures set forth in this Notice, will be mailed a settlement check, and in exchange, will be bound by the terms of the Settlement and release of Class Claims as described in Section IV of this Notice.

Without admitting any wrongdoing, HNTB has agreed to pay $490,000 (the "Gross Settlement Amount") to fully resolve all claims in the Lawsuit. The Parties agreed to the following payments from the Gross Settlement Amount:

Settlement Administration Costs. The Court has approved Phoenix Class Action Administrative Solutions to act as the "Settlement Administrator," who is sending this Notice to you and will perform many other duties relating to the Settlement.  Under the Settlement, an estimated maximum of $12,500 will be paid from the Gross Settlement Amount to pay the Settlement Administration Costs.

PAGA Penalty Payment to the California Labor Workforce and Development Agency.  $9,800.00 of the Gross Settlement Amount will be allocated in satisfaction of Plaintiff's claim on his own behalf and on behalf of the State of California and all PAGA Employees under the Private Attorneys General Act of 2004 ("PAGA").  Of this amount, $7,350.00 will be paid to the California Labor Workforce and Development Agency ("LWDA") in satisfaction of the claims for penalties under PAGA, and the remaining $2,450.00 will be included in the Net Settlement Amount to be divided between all PAGA Employees based on each PAGA Employee's proportionate pay periods during the PAGA Period.

Service Payment to Class Representative. Class Counsel will ask the Court to award Class Representative a Service Payment in the amount of $15,000 to Matthew Morel to compensate him for service and extra work provided on behalf of the Class Members and in exchange for a general release of claims.  The Class Representative also may receive a share of the Settlement as a Class Member.

Class Counsel's Attorneys' Fees and Costs. Class Counsel have been prosecuting the Lawsuit on behalf of the Class Members on a contingency fee basis (that is, without being paid any money to date) and have been paying all litigation costs and expenses. The Court will determine the actual amount awarded to Class Counsel as attorneys' fees, which will be paid from the Maximum Settlement Amount.  Class Members are not personally responsible for any of Class Counsel's attorneys' fees or costs.  Class Counsel will ask for fees of $163,317.00 of the common fund Gross Settlement Amount as reasonable compensation for the work Class Counsel performed and will continue to perform in this Lawsuit through finalization of the Settlement.  Class Counsel also will ask for reimbursement of up to $15,000 for the costs Class Counsel incurred in connection with the Lawsuit.

Calculation of Individual Settlement Payments to Class Members. After deducting the amounts above from the Gross Settlement Amount, the balance will form the Net Settlement Amount for distribution to Settlement Class Members (who are Class Members who do not opt-out).  The Net Settlement Amount will total approximately $_____. Each Settlement Class Member will be paid a pro-rata share of the Net Settlement Amount (less the PAGA Settlement Payment), based on each Settlement Class Member's proportionate Work Months during the Class Period. A Work Month includes any month

3

in which a Class Member worked at least one day during the month. To calculate each Individual Settlement Payment and to reflect the varying value of the Subclass claims, the Net Settlement Amount will be distributed to Class Members in the following manner: For Settlement Class Members that do not belong to the COVID-19 subclass or the Work from Home Subclass, each work month during which work was performed in California during the Class Period will be equal to one (1) settlement share. To reflect the varying value of the subclasses, members of the Work from Home Subclass and the COVID-19 Subclass will be entitled to one (1)additional settlement share subject to the following: (i) for members of the Work from Home Subclass, each work month during which work was performed in California from March 1, 2020 to February 23, 2024 will be equal to one (1) additional settlement share; (ii) for members of the COVID-19 Subclass, each work month during which work was performed in California from March 13, 2020 to June 15, 2020 will be equal to one (1) additional settlement share, unless he/she already received one additional settlement share for the particular work month as a Work from Home Subclass memberIf any Settlement Class Member opts-out of the Settlement, his/her/their Individual Settlement Payment will be distributed to all Settlement Class Members (i.e., those who do not opt-out).

For each Settlement Class Member, the Work Months at HNTB during the Class Period will be calculated from HNTB's records. HNTB's records indicate that you worked for **[TOTAL WORK MONTHS] Work Months** in California during the Class Period of March 1, 2020, through May 1, 2024. If you disagree with this number, you may submit evidence to the Settlement Administrator on or before _____, 2024, with documentation to establish the number of months you claim to have actually worked for HNTB in California between March 1, 2020 and May 1, 2024 (excluding any leaves of absence). **DOCUMENTATION SENT TO THE SETTLEMENT ADMINSTRATOR WILL NOT BE RETURNED OR PRESERVED; DO NOT SEND ORIGINALS.** The Parties and the Settlement Administrator will evaluate the evidence submitted by the Class Member. If the Parties are unable to agree, the Settlement Administrator render a final decision.

Calculation of Individual Settlement Payments to PAGA Employees. The PAGA Allocation (a total of $9,800.00) will be distributed to the California Labor and Workforce Development Agency ("LWDA") and to the PAGA Employees. In accordance with California law, 75 percent of the PAGA Allocation (or $7,350.00) will be paid to the LWDA and the remaining 25 percent of the PAGA Allocation (or $2,450.00) will paid to the PAGA Employees on a pro-rata basis (the "Individual PAGA Settlement Payments") based on the number of pay periods each PAGA Employee worked for HNTB in California during the PAGA Period. Your estimated individual pay periods during the PAGA Period and estimated PAGA Settlement Payment are listed below:

HNTB's records indicate that you worked a total of <<PAGA Pay Periods>> in California during the PAGA Period. Based on your pay periods during the PAGA Period, your estimated PAGA Settlement Payment is approximately $<<Est PAGA Settlement Payment>>.

Even if you opt-out of this Settlement, you will still receive a PAGA Settlement Payment and release claims under PAGA because California law does not allow an employee to request exclusion from a PAGA release.

Payments to Settlement Class Members. After the Court grants Final Approval of the Settlement and Judgment is entered, settlement checks will be mailed to all Settlement Class Members (i.e., those who do not opt-out). Settlement Class Members will have 180 days from the issuance of the last check to cash all of the checks. In the event that any Settlement Class Member fails to timely cash a settlement check, a stop payment will be placed on the check and the funds will be paid to the California State Controller's Office in the name of the Settlement Class Member, so that the Settlement Class Member can attempt to collect the funds at a later date.

Allocation and Taxes. One hundred percent (100%) of the Individual Settlement Payment and PAGA Settlement Payment distributed to each Employee is in settlement of business reimbursements and civil penalties with IRS Form 1099 reporting. Settlement Class Members are responsible for the proper income tax treatment of the Individual Settlement Payments. The Settlement Administrator, HNTB and its counsel, and Class Counsel cannot provide tax advice and make no representations as to the tax treatment or legal effect of the Individual Settlement Payments. Settlement Class Members will be solely responsible for the payment of any taxes and penalties assessed on their Individual Settlement Payments. Accordingly, Settlement Class Members should consult with their tax advisors concerning the tax consequences and treatment of payments they receive under the Settlement.

Release made by class members. If the Court approves the Settlement, the Court will enter Judgment, and the Settlement Agreement will bind all Class Members who have not opted out of the Settlement, and will bar them from bringing certain claims against HNTB. Specifically, the Settlement Class Members will fully release and discharge HNTB, together with each of its past, present, and future parent companies, subsidiaries, affiliated and related companies, successors, and

predecessors, as well as their respective past, present, and future owners, officers, directors, employees, managers, agents, principals, representatives, administrators, accountants, auditors, consultants, fiduciaries, insurers and reinsurers, company-sponsored employee benefit plans, and attorneys, both individually and in their official capacities, as well as all persons acting by, through, under, or in concert with any of these persons or entities (collectively, "Released Parties"), from any and all claims, causes of action, demands, damages, or liabilities arising at any time during the Class Period that were pled or which could have been pled based on the factual allegations contained in Plaintiff's First Amended Complaint, including but not limited to indemnify necessary business expenses in violation of Labor Code §§ 2802. The Released Class Claims extend to all theories of relief, whether under California law, federal law, state law or common law (including, without limitation, as alleged violations of the California Labor Code, the IWC Wage Orders, applicable regulations, or California's Business and Professions Code §§ 17200). The Released Class Claims include all types of relief available for the Released Class Claims, including without limitation any claims for damages, restitution, losses, penalties, fines, liens, attorneys' fees, costs, expenses, debts, interest, injunctive relief, declaratory relief, or liquidated damages. The time period governing these Released Class Claims shall be at any time during the Class Period. This Settlement shall constitute, and may be pleaded as, a complete and total defense to any Released Class Claims if raised in the future. Each Settlement Class Member will be bound by the foregoing Release of Class Claims, and this Notice shall have the same force and effect as if the Settlement Agreement containing this Release of Class Claims was executed by each Settlement Class Member.

**Release of PAGA Claims by PAGA Employees**. If the Court approves the Settlement, the Court will enter Judgment, and the Settlement Agreement will bind the LWDA and all of the PAGA Employees, and will bar them from bringing certain PAGA claims against HNTB and all of the Released Parties, whether the PAGA Employee timely submits a valid request for exclusion from the Settlement Class or not.  Specifically, after Final Approval by the Court, the Settlement will fully and finally release and discharge HNTB and all of the Released Parties from any and all claims, causes of action, demands, damages, or liabilities under the Private Attorneys General Act of 2004, Labor Code section 2698 *et seq*., arising at any time during the PAGA Period that were pled or which could have been pled based on the factual allegations contained in Plaintiff's First Amended Complaint including claims premised on the alleged Labor Code violations identified in the Lawsuit (collectively, the "PAGA Released Claims"). The PAGA Released Claims include all types of relief available for the PAGA Released Claims, including without limitation any claims for damages, penalties, fines, attorneys' fees, costs, expenses or interest. This Settlement shall constitute, and may be pleaded as, a complete and total defense to any PAGA Released Claims if raised in the future. Each PAGA Employee will be bound by the foregoing Release of PAGA Claims, and this Notice shall have the same force and effect as if the Settlement Agreement containing this Release of PAGA Claims was executed by each PAGA Employee.

Conditions of Settlement. This Settlement is conditioned upon the Court entering an order at or following the Final Approval Hearing finally approving the Settlement as fair, reasonable, adequate and in the best interests of the Settlement Class, and the entry of Judgment.

| V. What options do I have? |
|---|

A. **Do Nothing and Participate in the Settlement**.  Under the Settlement, you will automatically receive an Individual Settlement Payment unless you exclude yourself from the settlement by following the opt-out procedure set forth below.  If you disagree with the number of Work Months, as described in this Notice, you may dispute the allocation of the Settlement without excluding yourself or objecting, as described above. It is the responsibility of all Class Members to ensure that the Settlement Administrator has your current address on file, or you may not receive important information or an Individual Settlement Payment.

If you are a current HNTB employee, your decision as to whether or not to participate in this Settlement will not be considered by HNTB and HNTB will not take any adverse employment action against you based on your participation in the Settlement.

B. **Exclude Yourself from the Settlement**.  If you **do not** wish to take part in the Settlement, you may exclude yourself by sending to the Settlement Administrator an "Exclusion Form" (enclosed herein) or a "Request for Exclusion from the Class Action Settlement" letter/card postmarked no later than _____, 2024 with your full name, address, telephone number, last four digits of your social security number or your date of birth, and signature.  The Request for Exclusion should state:

"I WISH TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN THE *MOREL V. HNTB* LAWSUIT. I UNDERSTAND THAT IF I ASK TO BE EXCLUDED FROM THE SETTLEMENT CLASS, I WILL NOT RECEIVE ANY MONEY FROM THE SETTLEMENT OF THIS LAWSUIT."

Send the Exclusion Form/Request for Exclusion directly to the Settlement Administrator, [ADDRESS], **postmarked no later than _____, 2024.** Any person who files a timely Request for Exclusion from the Class Action Settlement, upon receipt: (1) will not have any rights under this Settlement, including the right to object, appeal or comment on the Settlement; (2) will not be entitled to receive a Settlement Class Payment payments under this Settlement; and (3) will not be bound by this Settlement, or the Judgment. All PAGA Employees will receive a PAGA Settlement Payment.

C. **Object to Settlement.** You also have the right to object to the terms of the Settlement if you believe they are unfair or unreasonable. However, if the Court rejects your objection, you will still be bound by the terms of the Settlement as a Settlement Class Member. If you wish to object, you must submit a written objection stating your full name, address, telephone number, the case name and number, the name and address of your attorney(s) if you are represented, each specific reason in support of your objection, and any legal support for each objection. You must also include any documentation or evidence in support of the objection, if any. Objections must be in writing and mailed to the Settlement Administrator, [ADDRESS], **by no later than _____, 2024.** Objections that do not include all required information, or that are not submitted timely, will not be considered. **You need not object to the Settlement if you only dispute the number of Work Months.**

If you choose to object to the Settlement, you may also appear at the Final Approval Hearing scheduled for _____, 2024, at _____ a.m. in Department __ of the United States District Court, Southern District, located at 333 West Broadway, San Diego, CA 92101. You have the right to appear either in person or through your own attorney at this hearing. All objections or other correspondence must state the name and number of the case. If you wish to appear at the Final Approval hearing, please contact Class Counsel or the Settlement Administrator in advance of the scheduled hearing to ensure that the hearing has not been continued by the Court.

If you object to the Settlement, you will remain a Class Member, and if the Court approves the Settlement, you will be bound by the terms of the Settlement in the same way as Settlement Class Members who do not object. Submitting an objection does not preserve the right to appeal a final judgment. Rather, the right to appeal is preserved by becoming a party of record by timely and properly intervening or filing a motion to vacate the judgment before entry of judgment.

## VI.  What is the effect of the settlement?

Released Rights and Claims. The Settlement is intended to settle all claims against the Released Parties by each and all of: (a) the Settlement Class Members to obtain a recovery based on, arising out of and/or related to any and all of the Released Class Claims, and (b) the Aggrieved Employees and the LWDA to obtain a recovery based on, arising out of, and/or related to any and all of the Released PAGA Claims. If you were employed by HNTB in California at any time during the Class Period and do not elect to exclude yourself from the Settlement Class, you will be deemed to have entered into this Release and to have released the above-described Released Class Claims. If the Settlement is not approved by the Court or does not become final for some other reason, the Lawsuit may continue and the releases will not take effect.

## VII.  What is the next step?

The Court will hold a Final Approval Hearing on the adequacy, reasonableness, and fairness of the Settlement, and Class Counsel's request for attorneys' fees and reimbursement of documented litigation costs and the Service Payment to the Class Representative on _____, 2024 at _____ in Department ___ of the United States District Court, Southern District, located at 333 West Broadway, San Diego, CA 92101.

This hearing may be continued or rescheduled by the Court without further notice to the Settlement Class. Settlement Class Members who support the proposed Settlement do not need to appear at the hearing and do not need to take any other action to indicate their approval. **You are <u>not</u> required to attend the Final Approval Hearing, although any Class Member is welcome to attend the hearing.**

**VIII.  How can I get additional information?**

This Notice is only a summary of the Lawsuit and the Settlement. For more information, you may inspect the Court's files and the Class Action Settlement Agreement (the Settlement Agreement), along with its First Amendment, at Office of the Clerk, United States District Court, Southern District, located at 333 West Broadway, San Diego, CA 92101, during regular court hours.  You may also contact Class Counsel or the Settlement Administrator using the contact information listed above for more information. Information about this case is also available online by inputting the case number at the Court's website _____ under the "Civil Case and Document Access" link.

**IX.  Reminder as to time limits.**

Class Members do not have to take any further action to participate in the Settlement.  The deadline for submitting a Request for Exclusion is _____, **2024**.  The deadline for mailing an objection to the Settlement Administrator is _____, **2024**.  These deadlines will be strictly enforced.

<u>**PLEASE DO NOT CALL OR WRITE THE COURT**</u>
<u>**FOR INFORMATION ABOUT THIS SETTLEMENT**</u>

# EXHIBIT B

**[COMPLETE THIS FORM *ONLY IF* YOU CHOOSE TO**
***DISPUTE* THE WORK WEEKS IN THE CLASS NOTICE]**

<u>**"WORK MONTH OR PAY PERIOD DISPUTE FORM"**</u>

*Matthew Morel v. HNTB Corporation*
**UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA,**
**CASE NO. 3:22-cv-00408-AJB-AHG**

<u>**INSTRUCTIONS:**</u>    TO DISPUTE THE NUMBER OF WORK MONTHS OR PAY PERIODS CALCULATED FOR YOU AS PART OF THE SETTLEMENT, YOU MUST COMPLETE, SIGN AND MAIL THIS FORM AND ALL SUPPORTING EVIDENCE BY FIRST CLASS U.S. MAIL OR EQUIVALENT, POSTAGE PAID, POSTMARKED ON OR BEFORE [+45 DAYS FROM MAILING], ADDRESSED TO THE SETTLEMENT ADMINISTRATOR AS FOLLOWS:

*INSERT ADMINISTRATOR INFO*

Please fill in all of the following information (type or print):

NAME (First, Middle, Last): _____
STREET ADDRESS: _____
CITY, STATE, ZIP CODE: _____
TELEPHONE NUMBERS:  Home: _____  Work: _____

**IT IS STRONGLY RECOMMENDED THAT YOU RETAIN PROOF OF MAILING**
**THIS FORM AND ALL SUPPORTING EVIDENCE POSTMARKED ON OR BEFORE [DATE].**

I [insert your name] _____ wish to be dispute the number of Work Months calculated for me as part of the settlement in the case of *Morel v. HNTB, United States District Court, Southern District of California, Case No. 3:22-cv-00408-AJB-AHG*. Based on the evidence submitted with this form, the correct number of Work Months is _____.

I arrived at the above number of Work Months by relying on the following information and/or documents (please attach any records which support your contention that you worked more work months than those included in the Notice):

_____
_____
_____
_____
_____

AND/OR

I [insert your name] _____ wish to be dispute the number of Pay Periods calculated for me as part of the settlement in the case of *Morel v. HNTB, United States District Court, Southern District of California, Case No. 3:22-cv-00408-AJB-AHG*. Based on the evidence submitted with this form, the correct number of Pay Periods is _____.

I arrived at the above number of Pay Periods by relying on the following information and/or documents (please attach any records which support your contention that you worked more pay periods than those included in the

Notice):

_____

_____

_____

_____

_____

Please be advised the Court has approved the following method for resolving work month and/or pay period disputes:

If you submit this form disputing the accuracy of Defendant's records used to calculate Covered Work Months and Pay Periods, and the Parties' counsel cannot resolve the dispute informally, the matter will be referred to the Settlement Administrator. The Settlement Administrator will review Defendant's records and any information or documents submitted by You. The parties should file with the Court all disputes submitted by class members, the evidence submitted, and the resolution of those disputes. The Court shall have the right to review any decision made by the settlement administrator regarding a claim dispute. You must submit information or documents supporting your position to the Settlement Administrator prior to <<the expiration of the response deadline>>. Information or documents submitted after the expiration of the Response Deadline will not be considered by the Settlement Administrator, unless otherwise agreed to by the Parties.

I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct.

Signed: _____    Date:_____

Print Name:_____    Last four digits of Social Security Number _____

# EXHIBIT C

**[COMPLETE THIS FORM *ONLY IF* YOU CHOOSE TO**
***NOT* PARTICIPATE IN THIS SETTLEMENT AND**
**CHOOSE *NOT* TO RECEIVE A SETTLEMENT SHARE]**

**"EXCLUSION FORM"**

*Matthew Morel v. HNTB Corporation*
**UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA,**
**CASE NO. 3:22-cv-00408-AJB-AHG**

**INSTRUCTIONS:**    TO OPT-OUT OF THE SETTLEMENT, YOU MUST COMPLETE, SIGN AND MAIL THIS FORM BY FIRST CLASS U.S. MAIL OR EQUIVALENT, POSTAGE PAID, POSTMARKED ON OR BEFORE [+45 DAYS FROM MAILING], ADDRESSED TO THE SETTLEMENT ADMINISTRATOR AS FOLLOWS:

*INSERT ADMINISTRATOR INFO*

Please fill in all of the following information (type or print):

NAME (First, Middle, Last): _____
STREET ADDRESS: _____
CITY, STATE, ZIP CODE: _____
TELEPHONE NUMBERS:  Home: _____ Work: _____

**IT IS STRONGLY RECOMMENDED THAT YOU RETAIN PROOF OF MAILING**
**THIS FORM POSTMARKED ON OR BEFORE [DATE].**

I [insert your name] _____ wish to be excluded from the Settlement Class in the case of *Morel v. HNTB, United States District Court for the Southern District of California, Case No. 3:22-cv-00408-AJB-AHG.*

I understand I will not receive money from the proposed class action settlement. However, if I am a PAGA Employee, I will automatically receive a PAGA Settlement Payment.

I further verify that the following is true:  My name, address and other contact information are accurately set forth above. I received and had the opportunity to read the Class Notice and Settlement Information Form that were sent to me along with this Exclusion Form. I understand that by signing this side of the form, I voluntarily choose to exclude myself from the proposed settlement of this class action. **I understand that by excluding myself, I may not accept any money allocated for me in the proposed settlement and may not object to the settlement.** On the other hand, I also understand that if I wish to assert any claims related to those set forth in this lawsuit in my individual capacity, I shall have to do so separately. I understand that any such claims are subject to strict time limits, known as statutes of limitations, which restrict the time within which I may file any such action.  I understand that I should consult with an attorney at my own expense if I wish to obtain advice regarding my rights with respect to this settlement or my choice to opt out of the settlement.  HNTB Corporation has not encouraged me to opt out, and I choose to opt out of my own free will.

I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct.

Signed: _____    Date:_____

Print Name:_____    Last four digits of Social Security Number _____